# Moody *v.* Walker.

*Action on Common Count for Money Had and Received.*

1. *Emancipation of minor sons by father; liability of proceeds of their labor to claims of creditors.*—The attempted emancipation of his minor sons by a debtor can not prevail, *it seems,* against the claims of his creditors, seeking to subject the proceeds of their labor, when it appears that he continued to support them as members of his household, giving them the use of his stock, and what they could raise on a part of his land, in consideration of their services in cultivating the other part for him.

2. *When action lies; remedy of mortgagee, against purchaser of mortgaged crops.*—A mortgagee of crops may maintain a special action on the case against a purchaser with notice, who has received and sold, or otherwise converted any part of it; but he can not maintain an action for money had and received, unless he shows that the purchaser had sold it, or has had it so long that a presumption of its sale arises.

3. *Error without injury in charges given or refused.*—When the uncontroverted facts show that the plaintiff was not entitled to recover, and that the court might have given, if requested, a general charge in favor of the defendant, this court will not consider, at the instance of the plaintiff, the correctness of any charges given or refused, since they could have wrought no injury.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by B. J. Moody against F. M. Walker, and was commenced in a justice's court, on the 7th December, 1888. A complaint was filed in the justice's court, claiming $39.52 money had and received by the defendant, on the 16th October, 1888, to and for the use of the plaintiff; and the record does not show that any other complaint was filed in the Circuit Court, to which the case was removed by appeal. On the trial in the Circuit Court, as the bill of exceptions shows, the plaintiff read in evidence a mortgage for advances executed to him by G. B. Wilkerson,

[Moody v. Walker.]

which was dated January 2d, 1888, and duly recorded; and which conveyed the mortgagor's entire crops of every kind raised during the year 1888 on any land cultivated by him, or which he might cause to be cultivated. Said Wilkerson testified, as a witness for the plaintiff, "that the bale of cotton, out of which this suit grew, was grown during the year 1888, on the place rented by him, and was sold by his minor son to defendant;" and he further testified, "when examined by defendant, that in the last of December, 1887, or first of January, 1888, he gave his two minor sons their freedom, and let them have a certain portion of the farm, and agreed that they might have the use of his stock to cultivate the same, and all that they could make thereon, if they would cultivate the balance of the farm for him, which they did; and that said bale of cotton was raised by the boys on their part of the farm, and sold by one of them to the defendant. One of the sons testified to the same facts in substance. The evidence showed, also, that the sons, who are still minors, continued to live with their father during the year 1888, and he furnished them board, lodging, &c., without charge, after their said emancipation as before; that the boys raised three bales of cotton on their part of the farm, and about the same quantity was raised on the father's part; and that the father procured supplies during the year 1888, for himself and family, including his said sons, under the mortgage read in evidence. The evidence showed, also, that a balance of about $134 was still due and unpaid on the mortgage debt, and that the bale of cotton received by the defendant was worth about $40."

"This being all the evidence," the court charged the jury, that the execution of the mortgage by Wilkerson was not a revocation of the alleged emancipation of his minor sons; and refused to instruct them, on request, that the emancipation was revocable at any time before the crop was gathered and disposed of by the sons, and that the execution of the mortgage was a revocation of it. The charge given, and the refusal of the charges asked, being duly excepted to, are here assigned as error.

J. W. FOSTER, for appellant.

WALKER & ESPEY, contra.

STONE, C. J.—If the question was properly raised, we are not prepared to affirm that the attempted emancipation

[Moody v. Walker.]

of his minor sons, made by Wilkerson, would or ought to prevail against the claims of his creditors. He did not cast them loose on their own resources, but fed and supported them as members of his own household, and that largely from the very advances for which their crop was sought to be held liable under his mortgage. He also surrendered to them the use of the land and stock, in addition to supporting them; and all this, in consideration that they would cultivate lands which yielded for him about as much as they produced on lands they cultivated for themselves. This was a gift to them of more than their time. It was unquestionably a gift of their support, and of the use of his stock; and for the privilege of cultivating his land, and enjoying its crops, they agreed to give, and did give him, what was already his, and which he did not surrender, their half-time labor on the land cultivated for him. This case is unlike any we have decided, and is not supported by the current of authority. *Godfrey v. Hays*, 6 Ala. 501; 41 Amer. Dec. 58; *Stovall v. Johnson*, 17 Ala. 14; *Donegan v. Davis*, 66 Ala. 362; *Boyett v. Wimberly*, 80 Ala. 476; Field on Infants, §§ 67-8; *Atwood v. Holcomb*, 39 Conn. 270; 12 Amer. Rep. 386; *Morse v. Welton*, 6 Conn. 547; 16 Amer. Dec. 664; *Cloud v. Hamilton*, 11 Humph. 104; 53 Amer. Dec. 778; Amer. & Eng. Encyc. of Law, vol. 6, 448, note 3.

The present suit is assumpsit for money had and received. It can not be maintained, unless Walker received money, or property in lieu of money, which *ex æquo et bono* belonged to Moody; or, unless he is shown to have held the cotton long enough to raise the presumption he had converted it into money. The record affirms it contains all the evidence. The cotton was grown in 1888, and this suit was commenced December 7, 1888. The testimony shows that Walker purchased the bale of cotton from young Wilkerson, and paid him for it. It does not show when he purchased it. It is not shown that Walker ever sold the cotton, or that he had held it long enough to raise the presumption of its sale. There is no proof that he received any money which belongs to Moody, nor in fact that he received any money. at all. He paid out money, if the testimony be believed. Moody's claim was, at most, an equitable lien on the cotton, which, if valid, would authorize him to bring an action on the case. It could not maintain assumpsit.—*Thompson v. Merriman*, 15 Ala. 166; *Price v. Pickett*, 21 Ala. 741; *Hussey v. Peebles*, 53 Ala. 432; *Westmoreland v. Foster*, 60 Ala. 448.

The plaintiff showed no right whatever to recover in assumpsit, and the Circuit Court, if thereto requested in writing, might and should have given the general charge to find for the defendant. We will not, therefore, inquire into the correctness of the court's rulings. Right or wrong, they could not harm the plaintiff,—3 Brick. Dig. 109, §§ 42 *et seq.; Ib.* 405, § 22,

Affirmed.