# Ehrman v. Oats.

## Action on the Case.

1. *Action on the case; destroying landlord's lien.*—An action on the case will not lie against one who, with notice of a landlord's lien, receives from the tenant property subject to said lien, unless it appears that he has disposed of the property or its proceeds, so that the lien can not be enforced against either.

2. *Same; averment of complaint.*—When, in an action on the case to recover damages for the taking by defendant of cotton or its proceeds, on which the plaintiff alleged that he had a landlord's lien, there is no averment in the complaint that the defendant has converted or removed the cotton or its proceeds, so that the lien can not be enforced thereupon, such complaint is defective, and subject to demurrer.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This was an action on the case brought by the appellant against the appellee; and sought to recover damages for the taking by the defendant of "three bales of cotton or its proceeds," on which the plaintiff alleged that he had a landlord's lien for rent.

The complaint filed by the plaintiff in this case was in the following language: "The plaintiff claims of the defendant one hundred dollars damages, for that plaintiff is the holder and owner by transfer of a rent note made by Abner Williams, on the 24th day of January, 1891, for the payment of one hundred dollars, to F. L. Ashley,

[Ehrman v. Oates.]

for rent for the year 1891 of thirty-five acres of land lying in the county of Montgomery, Alabama, about four miles west of the city of Montgomery, being part of said F. L. Ashley's farm, which said rent note was due on the 15th of October, 1891. Plaintiff avers that said Williams raised three bales of cotton during the year 1891 on said rented premises, besides other produce, and turned over said three bales of cotton or its proceeds to said defendant, without paying said rent, and without consent of plaintiff, and said defendant received said cotton or its proceeds with notice that the same was subject to a lien for said rent; that said rent is unpaid and due, and plaintiff's lien on said three bales of cotton has been lost by said wrongful conduct of defendant, wherefore plaintiff sues." The defendant demurred to this complaint on the grounds: 1st. Said complaint fails to show that defendant had any knowledge, or means of knowledge, that the proceeds of the bales of cotton alleged to have been turned over to defendant was affected by any lien of plaintiff. 2d. Said complaint fails to show how said proceeds of the cotton were subject to any lien in favor of the plaintiff. 3d. Said complaint fails to show any act by which the plaintiff has been deprived of any lien. 4th. Said complaint fails to show with sufficient certainty what defendant has received. The court sustained these demurrers, and the plaintiff declining to plead further, judgment was rendered for the defendant.

On this appeal the plaintiff assigns as error the sustaining of the demurrers, and the rendering of judgment for the defendant.

E. P. MORRISETT, for appellant.—The contention of the defendant, that an action on the case could not be maintained for the proceeds of rent cotton, and that the proper action was assumpsit is not tenable. Where a tort is committed the injured party may sue in tort, or he may waive the tort and sue in assumpsit. The only question in this case, whether the landlord has a lien on the proceeds of rent cotton, has been repeatedly decided in the affirmative by this court.— *Hussey v. Peebles*, 53 Ala. 435; *Warren v. Barnett*, 83 Ala. 208, 3 So. Rep. 609; *Westmoreland v. Trousdale*, 60 Ala. 455–6.

GORDON MACDONALD, *contra.*

COLEMAN, J.—This was an action on the case by the appellant Ehrman against the defendant Oates. A demurrer was sustained to the complaint, and the plaintiff, declining to amend or plead further, judgment was rendered for the defendant. The only question presented by the record is, whether an action on the case will lie in favor of a landlord against one, with notice, to whom a tenant pays the money, the proceeds of property sold by the tenant upon which the landlord held a lien for rent. The statute gives the landlord a lien upon the crops grown upon the rented premises, and provides that the lien may be enforced by attachment, which may be levied upon the crops or *proceeds thereof.*—Code, §§ 3056, 3063. Any person who knowingly, by purchase or otherwise, deprives the landlord of the opportunity of enforcing this lien is guilty of a tort, and is liable in an action on the case. The right of action is given against those who wrongfully deprive the landlord of his remedy.—*Hussey v. Peebles,* 53 Ala. 434; *Westmoreland v. Foster,* 60 Ala. 455; *Price v. Pickett,* 21 Ala. 741.

The legal effect of the lien given to the landlord does not invest the landlord with a *jus ad rem* or a *jus in re,* but a prior right of payment; the right to have so much money carved out of the proceeds. When the property has been converted into money by the tenant, the proceeds is subject to levy in his hands, or the hands of one who receives it with knowledge of the lien. This is the effect of section 3063 of the Code.

Action in case will lie against a tenant who by sale or otherwise disposes of the property in such manner that the lien can not be enforced by attachment, and also against one who, knowing of the lien of the landlord, places the crop or property beyond the remedy of the landlord. If the tenant sells the property and has the proceeds in possession, or if he pays the money over to a third person, who has notice that it is the proceeds of property upon which there is a lien, assumpsit will lie to recover it; or a court of equity will declare a trust. *Pickett's Case, supra; Westmoreland Case, supra.* The statute says the proceeds are subject to a levy, (Code, § 3063), and we have held the effect of this section was to extend the lien to the proceeds of the crop.—*Scaife & Co. v. Stovall,* 67 Ala. 243; *Barnett v. Warren & Co.,* 82 Ala. 557, 2 So. Rep. 457.

[George et al. v. Central Railroad & Banking Co. et al.]

There is no averment in the complaint that the defendant has ever converted or removed the cotton or its proceeds. *Non constat*, but that the cotton or its proceeds is held by the defendant, subject to the remedy of the landlord. Until there has been some act by the defendant by which the lien is destroyed, or the lien can not be enforced upon the property or its proceeds, we can not say the defendant is liable in case. The averment, that the lien was lost, is a mere conclusion of the pleader, and does not follow from the facts averred in the complaint. The complaint is defective, and subject to demurrer.

Affirmed.