# Shepherd v. Taylor.

*Action on the Case, to recover Damages for Removing Property on which there was a Lien.*

1. *Action on the case; sufficiency of complaint; landlord's lien.*—In an action to recover damages for removing from rented premises

[Shepherd v. Taylor.]

property on which the plaintiff held a lien as landlord, a complaint, which alleged that the defendant, with notice of plaintiff's lien, removed, or caused to be removed, designated property from the rented premises, thereby hindering and delaying plaintiff in the collection of his rent, and that by reason of such removal plaintiff suffered loss and delay in the collection of his rent to his damage, in the amount claimed, states an actionable wrong, is sufficient as a complaint in an action on the case, and is not demurrable.

2. *Same; landlord's lien; conversion by mortgagee.*—Where, in an action on the case to recover damages for removing from rented premises property on which plaintiff held a lien for rent as landlord, it is shown that the tenant owned a half interest in the property removed, and during the tenancy the tenant and the owner of the other half interest gave a mortgage to the defendant on said property to secure a debt due him from the plaintiff's tenant, and the tenant being unable to pay said debt, delivered the property to the defendant, as such mortgagee, who removed it to his residence, and keeping it there prevented the enforcement of plaintiff's statutory lien thereon under an attachment sued out against the tenant, and upon the plaintiff learning of his having said property the defendant refused to surrender it, said defendant is guilty of a conversion of the half interest in said property owned by plaintiff's tenant, and is liable in damages for one-half the value of the property so converted.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This cause was tried by the court without the intervention of a jury. Upon the hearing of all the evidence, there was judgment rendered for the plaintiff assessing her damages at $250. The facts of the case are sufficiently stated in the opinion. The defendant appeals, and assigns as error the overruling of the demurrer to the complaint, and the rendition of judgment for the plaintiff.

GARRETT & UNDERWOOD, for appellant.—There is in the complaint no allegation, nor is there in the evidence any proof, that the plaintiff took any steps either at law or in equity to enforce her alleged lien for rent. The property had not been sold, destroyed, damaged nor carried to any point beyond the plaintiff's attachment for rent, or other legal process. The act done by the defendant, instead of impairing or defeating the lien of the plaintiff, if she had one, actually helped it by increasing the value of the property subject to the lien.—*Kelly v. McCaw*, 29 Ala. 231; *Hussey v. Peebles*, 53 Ala. 432;

*Lomax v. LeGrand*, 60 Ala. 537, *Thompson v. Powell*, 77 Ala. 391; *Westmoreland v. Foster*, 60 Ala. 448; *Kennon v. Wright*, 70 Ala. 434; *Hurst v. Bell*, 72 Ala. 336; *Boggs v. Price*, 64 Ala. 514.

W. K. TERRY, *contra.*—1. A landlord may maintain an action on the case against any one or more defendants, who, with notice of the landlord's lien, removes or converts the effects of the tenant, so as to defeat or otherwise obstruct the enforcement of such lien by the statutory remedy of attachment.—*Thompson v. Powell*, 77 Ala. 391; *Collier v. Faulk*, 69 Ala. 58; *Hussey v. Peebles*, 53 Ala. 433.

2. In cases of this character, a defendant can not set up as defensive matter an outstanding title in a third person, without connecting himself with the same.— *Thornton v. Strauss*, 79 Ala. 167; *Cook v. Patterson*, 35 Ala. 102; *Brown v. Beason*, 24 Ala. 466; *Duncan v. Speer*, 11 Wend. 54; *Knapp v. Winchester*, 11 Vt. 351.

3. The defendant claimed title under and by virtue of a mortgage executed to him; and he can not take the inconsistent position of claiming against it.—*Fellows v. Lewis*, 65 Ala. 343.

4. This case was tried by the court without a jury, and, as the court was in a favorable position to ascertain the truth from seeing and hearing the witnesses testify, the higher court will not disturb the finding on facts without urgent necessity.—*Consumers' Ice Co. v. Trautman*, 12 So. Rep. 930.

HEAD, J.—Action on the case by appellee, Taylor, against appellant, Shepherd, for damages for removing from the rented premises a piano on which plaintiff held a lien for rent as landlord of a dwelling house in Birmingham, Ala., rented to one Emma Lamar. The complaint is that defendant with notice of the lien, removed, or caused the piano to be removed, from the rented premises, thereby hindering and delaying plaintiff in the collection of her rent, and that by reason thereof plaintiff suffered loss and delay in the collection of her rent to her damage $250. There was a demurrer to the complaint but it seems scarcely debatable that, if the facts above stated are true, there was an actionable wrong done to the plaintiff by the defendant. The demurrer was properly overruled.

The case was tried on the general issue, by the court, without a jury.  The proof shows that the tenant, Emma Lamar, owned only a one-half interest in the piano, as a tenant in common with her sister, who owned the other half interest, at the time it was placed upon the rented premises, and thereafter—Mrs. Lamar never acquiring any greater interest.  The two sisters lived together on the rented premises.  During the tenancy, Mrs. Lamar became indebted to defendant, Shepherd, and with the consent of her sister, executed to him a mortgage on the piano to secure the indebtedness and to secure future advances, and being unable to pay, she, on the demand of Shepherd, delivered to him the piano in June, 1892.  He removed it to his residence, in Birmingham, and there kept it.  On October, 1st, 1892, Mrs. Lamar being in arrears of rent in about $700, the plaintiff sued out an attachment against her to enforce the statutory lien on her goods, furniture and effects.  The sheriff levied on the goods &c. he found on the rented premises, worth about $100, the most of which was released under permanent claims of others.  Neither the plaintiff, her agent nor the sheriff then knew where the piano was, and, of course, it was not levied upon.  Afterwards, however, but how long does not appear, plaintiff's agent learned where it was and demanded its surrender of Shepherd under the plaintiff's claim, which demand was refused.  Shepherd himself testifies : "I claimed and took the piano under my mortgage.  I told Mr. Elliott [plaintiff's agent] that it was in my possession and at my house ; I declined to give up the piano, and held it as my own.  He also testified that before the suit was brought plaintiff's attorney proposed to him that they sell the piano and divide the proceeds, or that he pay $75 for plaintiff's interest.  These propositions were declined." There can be no question that these facts constituted a conversion of the interest of Mrs. Lamar in the piano by her and Shepherd, which was such interference with and hindrance of the enforcement of the plaintiff's lien as gave her the remedy pursued in the present case.  But the plaintiff is hurt only as to the one-half interest on which her lien rested.  She never had a lien on the other one-half for the reason that the tenant never owned it. It is not a question of setting up an outstanding title in a stranger.  There is a failure of proof of the allegations

[McCarty v. Roswald & Co.]

of the plaintiff's complaint, in the matter of ownership, to the extent of one-half interest in the piano. As to one-half interest she has failed to make out her case.

There is plainly no conflict in what we have said with the case of *Ehrman v. Oats*, 101 Ala. 604.

The city court erred in rendering judgment for the full value of the property, but as the record furnishes a *data* for the proper judgment we will render it here. The piano is shown to have been worth $300. One half of that sum with interest from October 1st, 1892, amounts to $178. A judgment will be here rendered as of this date for that sum ; and so corrected, the judgment of the city court will be affirmed.

Corrected and affirmed.


*Action on the Case, to recover Damages for Removing Property on which there was a Lien.*

