# Bradfield, Morson & Co. v. Patterson.

*Action of Assumpsit.*

1. *Pleading and practice; sufficiency of complaint suing for amount due on account.*—A count of a complaint which claims of the defendant a specified amount "due from him by account, on towit," a certain day, though indefinite is, in the absence of objection thereto on such ground, sufficient to support a judgment after verdict.

2. *Action on account; when maintained upon the refusal of the holder of*

[Bradfield, Morson & Co. v. Patterson.]

*goods to deliver them.*—Where one who is in possession of goods of another, refuses, without legal excuse, to deliver them to their owner upon demand, the owner may waive the tort, and, treating the wrong-doer as a purchaser, may maintain an action on an account for their value.

3. *Principal and agent; authority of broker to invest certain money, does not authorize larger investment.*—The deposit with an agent or broker of a certain sum of money with mere general authority to invest said sum in certain stocks, does not authorize the agent or broker to invest a larger sum for his principal; and such unauthorized investment does not make the principal liable to the broker for the amount so invested in excess of the amount deposited by the principal.

4. *Same; same; right to maintain action on account.*—Where a certain sum of money is deposited with a broker, with authority to invest the same in certain stocks, and the broker makes a larger investment in said stocks than the amount of the deposit; if, upon his principal's demanding the amount of stock which said sum of money would purchase, the broker refuses to deliver it, the principal can waive the tort, and, treating the broker as a purchaser, can recover the value of said stock in an action on an account.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES J. BANKS.

This was an action brought on December 31, 1891, by the appellee, George Patterson, against the appellants, Louis T. Bradfield, J. B. Morson and Robert L. Houston, partners, doing business under the firm name of Bradfield, Morson & Co.

The complaint contained five counts. The first count sought to recover one thousand dollars due from defendants ''by account on to-wit, April 11, 1890, with interest from that date.'' The defendants pleaded the general issue and two special pleas, in which they averred, in substance, that they had invested the one thousand dollars sued for in the purchase of stock of the Bessemer Land & Improvement company for the benefit of plaintiff prior to the commencement of the suit, and that plaintiff had due notice and assented thereto. To these special pleas demurrers were sustained by the court, and issue was joined on the plea of the general issue.

The evidence, as shown by the bill of exceptions, tended to show that the defendants were engaged in the brokerage and commission business, and in the course of that business bought and sold stock of the Bessemer Land & Improvement Company for the plaintiff on commis-

sion ; that they had made several purchases and sales
for the plaintiff, in some instances advancing money in
order to make payment for the plaintiff of the purchase
price of the stock bought. On April 11, 1890, on the set-
tlement of accounts between the plaintiff and the defen-
dants, the plaintiff left one thousand dollars in the hands
of the defendants to be used in buying and selling stock
for him at their discretion. On May 10, 1890, the de-
fendants purchased for plaintiff fifty shares of Bessemer
stock at $38 per share, amounting in the aggregate to
$1,900, and paid the $1,000 left in the hands of the
plaintiff, and advanced, as they had done in previous
transactions for the plaintiff, the additional $900 to com-
plete the payment. The defendants' testimony tended
to show that the defendant, Bradfield, who made this
purchase, had several interviews and conversations with
the plaintiff after the purchase and before the plaintiff
left Birmingham, in reference to Bessemer stock, and that
plaintiff being fully informed of the facts made no objection
thereto until a year or more after such purchase, and the
stock had considerably declined in value. Upon the ren-
dering of a settlement by the defendants to plaintiff, a
year after said purchase, such settlement showed the
purchase of 50 shares of Bessemer stock at $1,900, and
disclosed that the plaintiff was indebted to the defend-
ants. The plaintiff then made known his objection to
said purchase, and testified that it was the first time he
knew that more than the one thousand dollars left by
him with the defendants had been invested in Bessemer
stock on his account. The plaintiff thereupon made de-
mand upon the defendants for the delivery to him of one
thousand dollars worth of the Bessemer stock at the
price at which it was bought on May 10, 1890, or the
return to him of his one thousand dollars. The defend-
ants refused this demand, and thereupon the present
suit was instituted.

Upon the introduction of all the evidence, the court in
his oral charge to the jury, instructed them as follows :
"If you believe from the evidence that plaintiff left with
defendants $1,000 to be used in the purchase of Besse-
mer stock, and the defendants purchased for
the plaintiff 50 shares of Bessemer stock, the
price of $38 per share, aggregating $1,900, and in
paying therefor used plaintiff's $1,000, together with

[Bradfield, Morson & Co. v. Patterson.]

$900 of defendants, and charged plaintiff with the entire amount expended in said purchase, to-wit, $1,900, and refused and failed on demand to deliver to plaintiff shares of said stock purchased of the value of said $1,000, then the plaintiff is entitled to recover, unless you further believe from the evidence of the prior dealings between the parties and the agreement between the parties as to the purchase of shares of Bessemer Land & Improvement Company, when the said sum of $1,000 was left by the plaintiff in defendants hands, and from the other circumstances of the case, that the defendants were authorized to purchase more stock than $1,000 would pay for." The defendants excepted to the giving of this portion of the court's oral charge, and also excepted to the court's giving at the request of the plaintiff the following charge to the jury: (1.) "No mere general authority to invest the money in defendants' hands in Bessemer stock would authorize defendants to buy and charge plaintiff with $1,900 stock." The defendants then asked the court to give the following charges in writing, and separately excepted to the court's refusal to give each of them as asked: (2.) "If the jury believe from the evidence that defendants had no authority, express or implied, to purchase fifty shares of Bessemer stock at $38 dollars for the plaintiff with the $1,000 left in their possession, that nevertheless, if defendants invested said sum of money for plaintiff in the purchase of said stock within a reasonable time and at the market price, then the plaintiff is not entitled to recover." (3.) "If the defendants were authorized by the plaintiff to purchase with the $1,000 left with them Bessemer stock, and if in executing the said purchase they bought 50 shares at the price of $1,900 and used the said money in the payment of the same, that while the plaintiff might not be bound to take all the stock purchased, yet he would not be entitled to recover in this action." (4.) "If the jury believe from the evidence that Bradfield purchased Bessemer stock, at the market price, to the extent of the $1,000 left in his hands by the plaintiff, within a reasonable time after it was left in his hands, then they must find for the defendants."

There was judgment for the plaintiff for $1,075.55. The defendants appeal, and assign as error the giving

and refusal of the several charges to which exceptions were reserved.

BROOKS & BROOKS, for appellant.

JAMES WEATHERLY and Z. T. RUDULPH, contra.

COLEMAN, J.—The principles of law which govern this case are simple and well established. The first count of the complaint, avers that the amount sued for is due upon an account. It is somewhat indefinite, in not stating the subject-matter or consideration of the account, but there was no objection to it, and it is sufficient to support a judgment after verdict.

The owner of goods in the possession of another party, who, without legal excuse, refuses to deliver them to the owner on demand, may sue in tort for a conversion, or he may waive the tort and treat the wrongdoer as a purchaser and sue and recover upon account for their value. *Pharr & Beck v. Bachelor*, 3 Ala. 237; 1 Brickell Dig., 150–151, sub-div. VIII. The failure to recognize this principle, is the error in the argument of appellants. It is true, as contended for, that the plaintiff could not recover on the count of the complaint for money had and received, unless he had established the fact of a sale by the defendants of the stock and the receipt of the money, or show that such a length of time had elapsed as to raise a presumption of sale.—*Moody v. Walker*, 89 Ala. 619; 1 Brick. Dig., 140, § 74. But this by no means conflicts with the other principle, that if he refused to deliver to plaintiff, upon demand, the stock which rightfully was the property of the plaintiff, that he would be liable for its value upon an account.

The oral charge given by the court, presented the issue fairly to the jury, to determine whether by express or implied authority, the defendants were authorized to invest nineteen hundred dollars in the purchase of the stock instead of one thousand dollars, and the jury was instructed, if they thus found that the plaintiff could not recover. The verdict of the jury shows that this issue was found against the defendants.

Charge No. 1 given for plaintiff asserts a correct proposition of law, and there was no error in giving this instruction.

[Williams & Fowler v. Dismukes.]

The charges requested by the defendants were all properly refused. Each of these charges ignores the principles of law, which authorized a recovery upon the first count. The evidence showed that plaintiff's money was invested in the purchase of Bessemer stock by the defendants, as his agents, that the stock was recognized and held by the defendants as the property of plaintiff, a demand for it and the refusal to deliver it. The plaintiff had the right under the circumstances to waive the tort and treat the defendant as a purchaser, and recover upon an account.

Affirmed.