# Dothan National Bank *v.* Crawford.

*Bill to Enforce Trust.*

(Decided Nov. 18, 1909. 50 South. 936.)

1. *Equity; Jurisdiction; Adequate Legal Remedy; Sale of Mortgaged Property.*—A purchaser of chattels affected by notice of recorded mortgages takes the property subject to the rights of the mortgage and even if the property has been destroyed the mortgagee's remedy is an action at law, and hence, a bill cannot be maintained by a mortgage to enforce a trust against an administrator on money in his hands arising from the sale by the administrator of the personal assets of his intestate upon which complainant held a mortgage.

APPEAL from Houston Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by The Dothan National Bank against R. D. Crawford as administrator of the estate of A. B. Jones, deceased, to enforce a trust upon money in the hands of an administrator. Decree for respondent and complainant appeals. Affirmed.

ALBERT E. PACE, for appellant.—A mortgagee has three remedies.—An action to recover the debt. 2nd, an action to recover the property, and 3rd, an action to foreclose the mortgage.—*Tyson v. Webber*, 81 Ala. 470. On the authority of *Humes v. Scott*, 130 Ala. 281, the court erred in the decree rendered. See also 2 Pom. 627; *Waldron v. Simmons*, 28 Ala. 629; *Price v. Pickett*, 21 Ala. 741; *Ehrman v. Oates*, 101 Ala. 604; *Westmoreland v. Foster*, 60 Ala. 448.

ESPY & FARMER, for appellee.—All that the bill alleges might be true, and yet, the respondent had done complainant no wrong. Complainant had a complete and adequate remedy at law.—*Coffee v. Hunt*, 75 Ala. 238; *Dargan v. Hewlett*, 115 Ala. 510; *Tabbs v. Fort*, 28 Ala. 277; 131 Ala. 195; *Y. P. Co. v. Southerland*, 141 Ala. 664.

SIMPSON, J.—The bill in this case was filed by the appellant against the appellee, and alleges that the complainant held a mortgage on the undivided interest of one A. B. Jones in certain personal property consisting of mules, wagons, turpentine stills, pumping outfits, barrels, and office furniture, and also 10 acres of land; that said Jones died, and the respondent, Crawford, as administrator, by order of the probate court, sold all of the interest of said Jones in said property for $541.40. The prayer of the bill is that said money be decreed to be held in trust for the pay-

ment of complainant's debt, and that said administrator be required to appropriate the proceeds of said sale to the payment of complainant's debt.

The interest of the estate of said Jones in said property was simply the property subject to the mortgage, and the sale by the administrator did not interfere with the rights of the mortgagee; but the purhaser, if affected by notice of the mortgage, took the property subject to any rights he might have. There is no averment that the property has been destroyed, so that the mortgage cannot be enforced against the same; and, even if there were such averment, the remedy would be an action at law.—*Ehrman v. Oats,* 101 Ala. 604, 14 South. 361. The case of *Humes, et al., v. Scott,* 130 Ala. 281, 30 South. 788, was the enforcement of an express trust, and has no analogy to this case.

The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.