# Brandes *v.* The State.

## *Gaming.*

(Decided May 14, 1913. 65 South. 307.)

1. *Gaming; Prosecution; Evidence.*—In a prosecution for keeping a gaming table, the state was properly permitted to introduce evidence that defendant's place of business was upstairs, that the door was kept closed, and had a lookout or closed opening, also as to the furnishing of the rooms, and that when the officer announced himself as an officer, defendant placed an open knife to his breast and asked him if he was a real policeman.

2. *Trial; Failure of Defendant to Testify; Comments of Court.*—Under section 7894, Code 1907, it was not error for the court to caution the jury not to consider adversely to the defendant, or favorably to him, the fact that he did not testify.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Louis Brandes was convicted of keeping a gaming table, and he appeals. Affirmed.

[Brandes v. The State.]

The evidence for the state tended to show that defendant's place of business was upstairs over the Lontos Cafe in the city of Birmingham, and that the door at the head of the stairs was kept closed, and had a lookout or closed opening cut in it; that when the witnesses entered a crap game was going on, on what appeared to be a pool table, on which was marked a cloth known to gamblers as a field cloth, on which a crap game was being played for money, there being some seven or eight people engaged in the game, the defendant being present, but not participating; that when the officer announced himself, after watching the game for quite a while, and announced to the parties present that they were under arrest for gaming, the defendant walked up to him, putting an open knife to his breast, asking if he was a real policeman, whereupon witness replied by showing him his badge, and, the other officers coming in about that time, the defendant desisted. There was evidence from other witnesses tending to show that defendant was seen in his place of business every day for more than a year, and often seen banking crap games, and sometimes engaged in the game. There was also evidence tending to show the furnishings of the room, consisting of two pool tables, skeleton safe, a desk, and chairs.

M. Frank Cahalan, for appellant. The evidence was not such as to authorize a submission to the jury of the guilt of defendant of keeping a gaming table.—*Wrenn v. State,* 70 Ala. 1; *Bibb v. State,* 83 Ala. 84; s. c. 4 South. 275; secs. 6985, 6999, Code 1907. The court was in error in calling attention to the fact that defendant failed to testify.—Sec. 7894, Code 1907.

R. C. Brickell, Attorney General, for the State.

[McDade v. The State.]

WALKER, P. J.—The court did not err in overruling the motion made by the defendant to exclude the evidence introduced by the state. That evidence tended to prove acts and admissions of the defendant which furnished support for the inference that, within the period covered by the indictment, he had committed the offense therein charged. The contention that the evidence had no such tendency is strikingly without merit.

No error was committed by the court in its statement to the jury that "the fact that a defendant does not testify cannot be used or considered adversely to him or in his favor." This statement was a part of an admonition to the jury not to consider the defendant's failure to testify in the case, but to consider only the evidence which had been submitted to them. There was no impropriety in the court's thus cautioning the jury. The satutory prohibition of a defendant's failure to testify in the trial of a criminal charge against him being made "the subject of comment by counsel" (Code, § 7894) does not make it error for the court to caution the jury not to draw any inference from the defendant's failure to offer himself as a witness.

There is no error in the record.

Affirmed.