151 So. 602
### ARMSTRONG v. BLACKWOOD.
6 Div. 457.

Supreme Court of Alabama.
Nov. 16, 1933.

546

J. T. Johnson, of Oneonta, for petitioner.

B. M. Bains, of Oneonta, opposed.

BROWN, Justice.

This suit originated in the inferior court of Blount county established in lieu of justice of the peace, and with like jurisdiction, where the plaintiff had judgment and the defendant appealed to the circuit court. The case was tried in the circuit court on the complaint filed in the inferior court. Count 1 was in case for the destruction of plaintiff's lien as landlord under section 8799 of the Code, on cotton grown by plaintiff's tenant, one Dover, during the year 1931; count 2 was trover for the conversion of the cotton; count 3 for money had and received; and count 4 was in the following words: "The plaintiff claims of the defendant the sum of Forty dollars due on account."

The trial in the circuit court resulted in a judgment for the plaintiff, and defendant appealed to the Court of Appeals. In disposing of the case, the Court of Appeals observed:

"We are not satisfied but that some of the points made by appellant's counsel in his argument here for a reversal of the judgment contain substantial merit. With a critical eye, even without the aid of a legal microscope, error in the rulings made in the conduct of the trial could be found.

"But the controversy was one of the simplest. One Perry Dover was a tenant of appellee's; he raised some cotton upon which appellee had a lien for rent; appellant bought some cotton from Perry Dover which the jury could well have found, as they did, was the cotton upon which appellee had a lien; and the jury could well have found, under the evidence, of course, that appellant knew, etc., of appellee's lien upon the cotton which he bought, etc.

"Whether the complaint was sufficient, whether there was a technical destruction, etc., of appellee's lien, or what not, as the case was tried, *the sole issue was as to whether or not appellant had gotten—appropriated to his own use*, etc.—*cotton upon which appellee had a valid lien, and had destroyed appellee's lien, or 'obstructed the enforcement of it.'* [Italics supplied.] * * *

"Appellant received the cotton—has it. If he is by the result of this litigation required to pay again for it, because appellee had a valid lien on it, etc., he cannot be legally injured. * · * *

"As the learned trial judge put it, in his oral charge:

" 'Gentlemen of the jury, you just want to do the honest, fair, just thing between these parties. I don't see in this evidence any evidence of bad faith, or fraud, or crookedness on the part of Ike Armstrong. Ike said all the time that he had the bale of cotton, but that he wouldn't give it up until the proper authority came for it. Well, gentlemen, that is a refusal to give it up without legal steps to take it. Mr. Blackwood had a right to resort to whatever remedy the law afforded him, *and in this case he had a right to waive his lien on that cotton, and to sue on an account for the value of that cotton, and if Mr. Armstrong had notice of Mr. Blackwood's lien, Mr. Blackwood is entitled to recover*. If he did not have notice of it, then Mr. Blackwood is not entitled to recover. * * * .

" 'If you are reasonably satisfied that Mr. Armstrong had notice of Mr. Blackwood's lien, the form of your verdict is, we, the jury find the issues in favor of the plaintiff, *under count four of the complaint*, and we assess his damages at so much, which will be the value of the cotton at the then market value of the cotton, and you get that from the evidence. If you fail to become reasonably satisfied that Mr. Armstrong had notice of the lien, the form of your verdict is, we the jury, find the issues in favor of the defendant, and in either case, one of your number sign the verdict as foreman and bring it, together with all papers into court.' " (Italics supplied.)

It thus appears from the charge of the trial court that plaintiff was allowed to recover under count 4, on account, although he was without title to the cotton, and there was an absence of evidence that it had been disposed of by the defendant and money or its equivalent received therefor.

The sole issue submitted to the jury was whether or not the defendant had notice of the plaintiff's lien.

To this and other rulings of the court, the Court of Appeals applies the doctrine of error without injury.

■ While, as a general rule, this court will not, on certiorari, review the Court of Appeals on the application of that doctrine (Campbell v. State, 216 Ala. 295, 112 So. 902), yet this rule has its exception, and where, as here, the Court of Appeals adequately states the facts, it becomes the duty of this court to review its ruling (Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339).

■■ The law is well settled that, where one person tortiously obtains possession of the property of another—property to which plaintiff has the legal title—and refuses to surrender its possession on demand of the owner, if it is money, he may waive the tort and sue for money had and received, or, if it be chattels, he may waive the tort and treat the transaction as a sale and delivery of goods and recover their reasonable market value. Bradfield, Morson & Co. v. Patterson, 106 Ala. 397, 17 So. 536; First National Bank of Decatur v. Henry, 159 Ala. 367, 49 So. 97; Connecticut General Life Ins. Co. v. Smith, 226 Ala. 142, 145 So. 651, 655.

But, where the plaintiff has a mere lien, this principle is without application. "The legal effect of the lien given to. the landlord does not invest the landlord with a jus ad rem or a jus in re, but a prior right of payment—the right to have so much money carved out of the proceeds." Ehrman v. Oats, 101 Ala. 604, 606, 14 So. 361.

■ In such case, before the plaintiff can recover on the common counts, he must show that his lien has been destroyed by a disposal of the property, its consumption, or by intermingling so as to destroy its identity, or otherwise putting it beyond the reach of the plaintiff lienor. Moody v. Walker, 89 Ala. 619, 7 So. 246; Ehrman v. Oats, supra; McCarty v. Roswald & Co., 105 Ala. 511, 17 So. 120; Connecticut General Life Ins. Co. v. Smith, supra.

■ The principle of law applied by the trial court in the oral charge was manifestly inapplicable, and relieved the plaintiff of part of the burden of proof, and was in violation of the statute as a charge upon the effect of the evidence.

We are not to be understood as approving the soundness of the utterances of the Court of Appeals as applied to the count in case. That count was in effect eliminated by the oral charge of the court which limited the plaintiff's right to recover under count 4.

The writ of certiorari is therefore granted, the judgment. of the Court of Appeals reversed, and the cause remanded to that court for further consideration.

Writ granted; reversed and remanded.

All the Justices concur.