155 So. 880

## PAIRRETT v. STATE.

### 7 Div. 44.

Court of Appeals of Alabama.

June 27, 1934.

Pruet & Glass, of Ashland, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment upon which this appellant was tried and convicted contained two counts. The first count charged that he did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. The second count, in proper form and substance, charged him with the unlawful possession of a still to be used for the purpose of manufacturing or distilling prohibited liquors or beverages, etc.

The corpus delicti as to the offenses charged in the two counts of the indictment was established by the evidence without dispute or conflict. A still of large capacity was found by the officers and was in full operation. A large amount of beer was found at

the still place, and also about 40 gallons of whisky. The evidence also disclosed, without conflict, that the appellant was the only person at the still, and that he ran at the approach of the officers, but was overtaken and captured by one of the officers. There was also evidence to the effect that this appellant was busily engaged at the still and was seen to have punched up the fire in the furnace, after which he picked up a bucket and started toward the beer, at which time he discovered the officers and fled. This evidence, and other of like import, made the question of his guilt one for the jury to decide, and rendered inapt the general affirmative charge requested by him as to each count of the indictment. Therefore, refused charges 1, 2, and 3 were properly refused. The appellant's insistence to the contrary is without merit.

Appellant's exceptions to the court's rulings upon the admission of evidence relating to certain alleged conversations had between witness Sellers and the defendant are likewise without merit. This testimony related to and was a part of the res gestæ. Moreover, in each instance a full and proper predicate was laid, and the statements of the defendant were shown to have been voluntarily made.

The statute of limitations was not involved in this case, hence it is immaterial whether the date of the arrest of the defendant and his incarceration in the county jail was on January 1st or January 11th. The special stress of this point by learned counsel for appellant is not clear to us, for in the absence of some question as to the time of the alleged commission of the offense it is, as stated, wholly immaterial.

The remaining question relates to an exception reserved by appellant to a certain isolated statement or sentence of the court in his oral charge. As corrected, the statement complained of is as follows: "The defendant has not offered any evidence." Error will not be predicated upon an isolated statement by the court in its oral charge to the jury when such statement when taken in connection with the remainder of the charge clearly shows no error prevailed. Here, the full statement of the court in this connection, as amended or corrected, reads as follows; the defendant having failed to avail himself of the right to testify in his own behalf. Code 1923, § 5632. The court stated: "The defendant has not gone on the stand and offered any evidence. That is a matter within his discretion, and that is not to be considered by you in his favor or against him, the law gives him that right and he can exercise it if he desires, and you are not to take that either for or against him. You are to take the evidence and if the State has convinced you beyond all reasonable doubt that the defendant is guilty, if the State has met the burden of proof that is upon it and has convinced you beyond all reasonable doubt that the defendant is guilty, then, of course, you would find him guilty, it would be your duty to convict him; but, if the State has not met the burden of proof that is upon it, and that is, to convince you beyond all reasonable doubt from the evidence that the defendant is guilty, then it would be your duty to acquit him." There was no error in the foregoing statement, when taken and considered as a whole, as it must be considered. The statutory prohibition of a defendant's failure to testify in the trial of a criminal charge against him being made "the subject of comment by counsel," Code 1923, § 5632, does not make it error for the court to caution the jury not to draw any inference from the defendant's failure to offer himself as a witness. Brandes v. State, 10 Ala. App. 241, 65 So. 307. The statement complained of was a part of an admonition to the jury not to consider the defendant's failure to testify in the case, but to consider only the evidence which had been submitted to them.

Nothing was presented on the motion for a new trial which would have justified the court in setting aside the verdict of the jury and granting a new trial; therefore, no error prevailed in the court's ruling in this connection.

The record is regular and without error. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.