191 So. 396

**TURNER v. STATE.**

4 Div. 102.

Supreme Court of Alabama.

Oct. 5, 1939.

Walters & Walters, of Troy, for petitioner.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Petitioner was convicted of an assault with intent to murder. On his trial, he did not elect to become a witness in his own behalf.

354

Defendant's refused charge reads: "I charge you, the fact·that the defendant did not testify cannot be considered against him."

The Court of Appeals, applying Supreme Court Rule 45, held its refusal error without injury.

This petition for certiorari is to review this holding.

Our Statute, Code § 5632, reads: "On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; *and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel."* [Italics supplied].

This statute was considered in Thomas v. State, 139 Ala. 80, 36 So. 734, 735. The refused charge, No. 5 in that case, reads: " '(5) No inference or conclusion should be drawn by the jury from the fact that the defendant was not sworn and put on the stand as a witness in his own behalf, nor should this fact have any weight with the jury in reaching a verdict.' "

After quoting the statute, the opinion proceeds: "The fifth written charge to the jury requested by the defendant in substance states the law applicable to the case. It was a fact that the defendant failed to make the request to testify in the case, and the charge could not, therefore, be condemned as being abstract. Nor should it be condemned as being argumentative, since it contained nothing more than the statement of an admitted fact and the law applicable under the statute. This charge should have been given, and for the error committed in its refusal the judgment of the court below must be reversed."

 While the statute declares the failure to become a witness in his own behalf "shall not create any *presumption* against him," this is coupled with "nor be the subject of comment by counsel." The statute is designed to prevent any unfavorable inference from defendant's silence. This is the import of the charge approved in the Thomas case, supra.

The charge requested in the instant case is of like import, and not subject·to criticism because of its wording.

In Brandes v. State, 10 Ala.App. 239, 65 So. 307, the Court of Appeals held: "It was not error for the court to caution the jury not to consider adversely to the defendant, or favorably to him, the fact that he did not testify." This expression does not support an argument that such instruction should caution the jury against any favorable inference, as well as adverse inference. The statute is directed against adverse inferences; assumes there is no occasion for caution against favorable inference for defendant from his silence.

 At common law the defendant in a criminal case was not a competent witness in his own behalf. The rule extended to civil causes. 70 C.J. 193, § 260.

The basis for disqualifying parties as witnesses was a notion that the temptation to falsify was too great. 28 R.C.L. 471, § 59. That it "tendeth to perjury" was the basis of numerous rules of law evolved by great jurists and law makers. The statute requiring certain transactions to be evidenced in writing is everywhere known as the statute to prevent frauds and perjuries. The thoughtful jurist of our day is appreciative of the sound policy of discouraging perjury in the courts. There can be no administration of justice if the truth be not ascertainable from the mouths of witnesses on oath.

A riper wisdom and experience decreed that it were better not to close the mouths of parties, even in criminal cases. This led to statutes such as ours, now well-nigh universal; not uniform, however, in content. In some, the defendant is merely permitted to make a statement of such facts as he may deem helpful, not subject to cross-examination on the whole case. Under our statute, however, if he elects to become a witness, he waives his constitutional shield against self-crimination, and becomes subject to cross-examination on all features of the case. He is under oath to tell the truth, the whole truth, and nothing but the truth. Clarke v. State, 78 Ala. 474, 56 Am.Rep. 45.

 It is fair to assume all these matters were in the mind of the law makers when framing this carefully worded statute. The aim was to abolish the rule which compelled the accused to sit dumb before his accusers, to enable him, at his election, to give his version of the affair, to present facts, maybe known to him alone, tending to show freedom from guilt, or to mitigate the offense made out, in many cases, by

adversaries highly interested. Many reasons, other than admission of the State's evidence, may, under advice of counsel, influence the election not to testify.

But the temptation to perjury was not overlooked. Hence, the safeguards appearing in the italicized provisions, supra. If his silence be permitted to raise adverse inferences against him and, therefore, the subject of comment by prosecuting counsel, the very privilege extended by the statute would become a coercive influence to take the witness stand, with all the temptation to perjury arising from his vital interest in the case, accentuated by a searching cross-examination.

The clause "nor be the subject of comment by counsel," is easily enforced by the trial courts. Hence to prevent unfavorable inferences on the part of the jury is matter of concern to the practitioner as well as the court.

Whether it is better to direct the attention of the jury to his failure to testify, by special instructions of this kind is questionable.

■ In every criminal case the defendant is clothed with the presumption of innocence, an abiding presumption to be overcome only by evidence of guilt removing all reasonable doubt. This presumption, and burden of proof cast upon the state, should be fully presented in the oral charge. Special charges in varying language are usually given at defendant's request.

An understanding jury, approaching the consideration of the case in the light of these instructions, should realize that no unfavorable inference should be drawn from the failure of the defendant to testify. We apprehend the prevailing practice among experienced trial lawyers is not to request special instructions of this kind. At any rate, the question seems never to have come before this court since the Thomas case, supra.

That case held the charge correctly stated a principle of law applicable to the case; that its refusal was error; and, under the rule then prevailing, called for a reversal of the case.

But this case arose prior to the adoption of rule 45. This rule first appeared in 175 Ala. XXI. We suggest it is well for digesters and annotators, as well as practitioners and appellate courts, to keep this in mind.

This rule reads: "Hereafter no judgment may be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken, or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."

This rule is specific as to the classes of errors to which it applies. Its wording was carefully and studiously considered. We need not again recount the reasons for its adoption.

■ In express terms it applies to errors in the refusal of special charges. There can be no error in refusing a charge unless it correctly states a principle of law applicable to some phase of the case.

■ The inexorable logic is that although the charge does state a correct principle applicable to the case, no reversal shall follow, unless, in the opinion of the appellate court, after an examination of the entire cause, it shall appear that the error has probably injuriously affected substantial rights of the parties. In other words, the refusal of a proper charge does not per se import injury.

■ Since the question of injury is, by express provision, to be determined on an examination of the entire cause as presented by the record, it is established by a long line of decisions that this court cannot review the finding of the Court of Appeals on the question of error without injury, unless the opinion of that court discloses a misapplication of the rule. Campbell v. State, 216 Ala. 295, 112 So. 902; Terry v. State, 226 Ala. 685, 148 So. 159; Armstrong v. Blackwood, 227 Ala. 545, 151 So. 602; Parham v. State, 217 Ala. 398, 116 So. 418.

The decision of the Court of Appeals discloses no misapplication of the doctrine of error without injury under Rule 45.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.