30 So.2d 468

### WHITE v. STATE.

### 7 Div. 917.

Supreme Court of Alabama.

May 8, 1947.

Robinson & Parris, of Gadsden, for petitioner.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., opposed.

BROWN, Justice.

The verdict of the jury responded to the first count of the indictment charging the defendant with grand larceny. The record shows that the verdict was received on the 24th of January, 1946, and the judgment of conviction was entered thereon. At a later date, as shown by the minutes of the court, on the 13th of February, 1946, the defendant was called before the court and sentenced for a term of ten years, the punishment being fixed by the court and the judgment of sentence was entered thereon on said date. The minutes of the court are controlling and the judgment was not affected by the fact that the judge failed to enter upon the trial docket in the bench notes the term of the imprisonment at the time the verdict was received. The record in this respect is in all things regular.

It is well settled that in the absence of a statement of all the evidence in the opinion of the court of appeals, this court on certiorari will not review the court of appeals on the finding of facts nor the application of law to the facts. Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

■ As stated by the court of appeals in the opinion, Charge 13 given at the request of the defendant fully covered defendant's refused charges (A) and (C) and the refusal of these charges does not constitute reversible error. Turner v. State, 238 Ala. 352, 191 So. 396.

■ It is well settled that this court will not review the court of appeals on questions not considered or treated by that court in the opinion.

The writ of certiorari is, therefore, denied.

Writ denied.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.