100 So.2d 47

James Westley **PIERSON**

v.

**STATE.**

**2 Div. 945.**

Court of Appeals of Alabama.

Nov. 5, 1957.

Rehearing Denied Nov. 26, 1957.

Morel Montgomery, Birmingham, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for State.

CATES, Judge.

Pierson was indicted November 12, 1956, in Dallas County on two counts, first, distilling, and, second, possessing a still. Conformably to a general verdict of guilty, the trial judge sentenced him to five years in the penitentiary. The judgment entry shows notice of appeal to this court on December 3, 1956. The record was filed here March 4, 1957, and the case argued and submitted May 16, 1957.

The tendencies of the State's case viewed through the frame of the verdict show that on September 21, 1956, Frank Farish and Richard H. Dickinson, investigators for the Internal Revenue Service, raided a relatively large distilling establishment (five 1,200 gallon stills, one 1,000 gallon still, a gasoline motor driven water pump, three drums of fuel oil, 600 pounds of sugar, 200 pounds of bran and about 200 gallons of moonshine—half of it in gallon jugs). This was some six miles northeast of Selma in the Pea Ridge neighborhood in Dallas County. This still was on the land of E. L. Jones, a stranger so far as the record shows.

Farish described the scene thus:

"* * * Well, this particular area where the still was located was on a small running branch and it was a wooded area immediately where the still was set up. And there was a road approaching this still just south of this branch. This branch was running east and west, and this road was running just south of this branch and it too ran east and west, parallel to the branch and to a point just opposite to the still, practically in the still yard, where it made a U turn. That was the dead-end of this road. And in coming in on this road, the road went through a thick area that part of the brush and bushes had been cut away, cut aside, to make room for a motor vehicle to come in.

"Q. Was this a public road? A. No, sir, it was not.

"Q. Now, Mr. Farish, did you see any mash near the still? A. There was a considerabe amount of spent mash or refuse thrown out next to this turn around place from the still. It was waste from the still and it had been scattered out over a considerable area at the turn around place."

The raid led to the capture of two men at the still, Jim O'Rear and Jeff Allen. Then Dickinson took a stand on the road leading to the still at a distance of 100 yards from the still. There, some 100 yards farther along the road, he saw Pierson walking toward the still. On noticing Dickinson, Pierson took to his heels and led him in a chase for a quarter of a mile before being caught.

Jeff Allen, an accomplice according to his own story, testified to having been hired by Pierson to work at the still. He first had met Pierson at a house near the still. Allen and O'Rear spent a night or two together at this house and Allen had stayed there one or two nights by himself. He and Pierson had bought groceries to stock the pantry.

Pierson checked each run of whiskey with a thermometer. He brought fuel oil in 50 gallon drums to the still yard the morning of the raid. After he had shown his two helpers how to get the run going, Pierson left about noon saying he had to go to town to see about some insurance. Apparently it was on his return from this journey that he ran into Dickinson, for the sheriff of Dallas County, coming up behind him, found his pickup truck at the bunk house, which was roughly a quarter of a mile from the site of the still.

■ The evidence of Pierson being on land not his own, apparently as a trespasser, bringing his truck there, coupled with his flight, furnish corroboration of Allen's testimony, Code 1940, T. 15, § 307. Thus, in Slayton v. State, 234 Ala. 1, 173 So. 642, a sudden journey after the crime was corroborative upon analogy to the principle of corroboration from flight and proximity with opportunity as laid down in Ross v. State, 74 Ala. 532.

■ The defendant excepted to the general charge as to flight, which is taken from Ware v. State, 12 Ala.App. 101, 67 So. 763; § 6381, Jones, Ala. Jury Instr.

In such charge there is the phrase: " * * * and then you would further consider such evidence in the light of all of the other evidence in the case, *including any explanation or statement which may be offered by the defendant of the alleged flight, and whether it was a reasonable explanation or not*, and all of the other evidence in the case, giving each part of it such weight as you see fit or believe it is entitled to receive." (Italics supplied.)

The use of this expression as above italicized is claimed by Pierson to be prejudicial comment, at least by indirection, on the fact that the defendant did not testify in his own behalf. Code 1940, T. 15, § 305, does not apply, since the comment, if offending, was that of the *trial judge* and not of counsel, Pairrett v. State, 26 Ala. App. 198, 155 So. 880; Brandes v. State, 10 Ala.App. 239, 65 So. 307; Turner v. State, 238 Ala. 352, 191 So. 396; Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257.

As is our duty under the statute, we have examined the entire record and find it free of any error.

Affirmed.

### On Rehearing

CATES, Judge.

Counsel for Pierson raises the point that the statement of facts in the original opinion is not in all details supported by the record.

Allen, the accomplice, on redirect, testified he saw the officers bring Pierson to the still after his arrest. He also testified that the black Ford pick-up truck the sheriff drove to the still was the same truck Pier-

son had used to haul fuel oil. The sheriff saw Pierson in custody at the still; going back along the entrance road to a house located toward the still site from a fork in the road, he found a black pick-up truck which he drove to the still. Mr. Dickinson, in describing the road, was asked, "Did that road go anywhere except to that still?" "No, only a little turn-off place going to the house occupied by the two operators of the still," was his reply.

 Accordingly, we feel warranted from the foregoing recital in viewing the evidence in the light of those inferences most favorable to the verdict. We consider our statement in the foregoing opinion as being a reasonable conclusion from the evidence as the jury must have taken it.

Application overruled.