246 So.2d 85

**William Otis HOLT**

v.

**STATE.**

**6 Div. 132.**

Court of Criminal Appeals of Alabama.

March 2, 1971.

MacDonald Gallion, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Assault: fine of $250.00, plus six months hard labor for the county. Code 1940, T. 14, § 33.

## I

■ The first claim of error arose from the denial of a ten day continuance because an F.B.I. agent under subpoena took umbrage under an order of the Attorney General of the United States. The witness respectfully declined to testify about an investigation of certain Birmingham police officers, claimed to have breached Holt's civil rights [1].

We find no *timely* motion by Holt to request that the Attorney General of the United States make provision for the production of the information. The lack of such a motion made well before the day of the trial suffices to support the ruling of the trial court. Parsons v. State, 251 Ala. 467, 38 So.2d 209; Anno. 165 A.L.R. 1302. There was no error in denying the continuance.

Under this view, we think it is unnecessary to go into the relevance vel non of the sought-for investigative report.

## II

On the first day the jurors were qualified and picked. An agreement allowing separation overnight was entered. Before adjournment for the night the trial judge instructed the members as follows, in pertinent part:

"Now, there not being any evidence taken in this case at this time, and you know nothing about it, but this also embraces such things as the case develops, if you find out anything about where

Lawrence B. Sheffield, Jr., Birmingham, for appellant.

---

1. This apparently related to events which transpired after the alleged assault of instant concern.

something is alleged to have taken place, don't go to that place. If it were proper for you to go to that place I would tell you to go there, I would have you sent there. Everything that is to come into your mind concerning the guilt or innocence of this defendant in this case is to come from the sworn lips of a witness right here."

It is here claimed that this was an anticipatory reference to the possibility that the defendant was not going to testify in his own behalf. See Code 1940, T. 15, § 305, as amended.

■ This latter Code section is no bar to the judge's commenting on the failure of a defendant to testify, only to "the solicitor or other prosecuting attorney." Pairrett v. State, 26 Ala.App. 198, 155 So. 880; Pierson v. State, 39 Ala.App. 346, 100 So.2d 47. We distinguish Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106.

■ Also we cannot at this juncture of the trial ascribe clairvoyance to his honor, at least in the absence of proof of an express communication to him as to the defendant's intention not to take the stand. In context, the language is quite diffused and would not have constituted prohibited comment even if uttered by the District Attorney.

### III

■ Under the heading of his tenth point appellant argues that it was error on the part of the trial judge to overrule objection to a question as to a conversation at which the defendant was not present.

This occurred during voir dire examination with the jury withdrawn. The rules of evidence primarily serve to guide the jury's attention to the relevant issues of fact finding. Here we find nothing erroneous.

### IV

The defendant was arrested in a hotel room not his own. The registered guest was not present. The night manager of the hotel opened the door with a pass key.

The defendant approached a police officer, drew a revolver and pulled the trigger twice. The gun misfired both times. The officer disarmed Holt.

■ The defendant, on the record before us, has no standing to assert that the officer was a trespasser. True, the night manager was not cloaked with any apparent blanket authority by the registered guest. Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856. However, an innkeeper who knows of an intruder in an absent guest's room has a right to enquire by whose permission, if any, he has entered. Compare United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59.

■ Such limitation on the authority of the landlord vis-a-vis the guest is not by any analogy a restraint on the landlord when confronted with a burglar. A hotel room is entitled to the protection of the burglary statute. Avinger v. State, 29 Ala.App. 161, 195 So. 279.

### V

We have carefully reviewed the entire record as required by Code 1940, T. 15, § 389. Though we have not extended this opinion to discuss each and every point raised in briefs, nevertheless from a consideration of the entire record we conclude that the judgment of the lower court is one to be

Affirmed.