# Burrage *v.* The State.

*Indictment for Larceny and Receiving Stolen Property.*

1. *Indictment charging larceny and receiving stolen property; presents no ground for an election.*—When an indictment charges larceny in one count and receiving stolen goods in another, there is not presented a case wherein the State should be required to elect on which count it will prosecute the defendant.

2. *General charge in criminal cases; when not given for defendant.*—In a criminal case, where there is evidence from which the jury might infer the guilt of the defendant, the general affirmative charge requested by the defendant is properly refused.

3. *Motion in arrest of judgment; irregularity in organization of grand jury.*—A motion in arrest of judgment, on the ground that the grand jury which preferred the indictment was not properly or was irregularly organized, is properly overruled; the ground of motion being founded on matters *dehors* the record.

4. *New trial; refusal not revisable.*—An application for a new trial in a criminal case is addressed to the discretion of the trial court, and its refusal is not revisable on error or appeal.

[Burrage v. The State.]

APPEAL from the Circuit Court of LaFayette.

Tried before the Hon. SAMUEL H. SPROTT.

The appellant, Joe Burrage, was arraigned under an indictment containing two counts; the first count charging the defendant with larceny, and the second with receiving and concealing stolen property. Upon motion of the defendant the State was required to elect as to which of the two counts of the indictment it would proceed under, and the State by its solicitor elected to proceed under the second count. It is unnecessary to set out a full statement of the facts as disclosed by the bill of exceptions. A verdict of guilty was returned by the jury, and after his motion for a new trial was overruled, the defendant made a motion in arrest of judgment, upon the ground that the grand jury which preferred the bill of indictment was not properly organized, and there was evidence offered in support of such motion tending to show some irregularity. This motion was overruled, to which ruling the defendant duly excepted.

DANIEL COLLIER, for appellant.—The motion in arrest of judgment should have been granted. There was irregularity in the organization of the grand jury which was fatal.—*Finley v. State,* 61 Ala. 201: *Wells v. State,* 94 Ala. 3.

WILLIAM C. FITTS, Attorney-General, for the State. 1. The refusal of the court to grant a new trial in a criminal case is not revisable.—*Knight v. State,* 103 Ala. 48; *Hawthorn v. State,* 100 Ala. 26; *Johnson v. State,* 87 Ala. 39; *Carter v. State,* 107 Ala. 146; *Harden v. State,* 109 Ala. 50.

2. The motion in arrest of judgment was founded on matters *dehors* the record, and was properly overruled. *Walker v. State,* 91 Ala. 76.

COLEMAN, J.—There were two counts in the indictment, one charging the defendant with larceny and the second, with receiving or concealing stolen property. The indictment did not present a case, which authorized the court to require the solicitor to elect on which count he would prosecute. This question has been often adjudicated.—*Orr v. The State,* 107 Ala. 35, and authorities. The solicitor elected to proceed upon the second

count. Upon motion of the defendant, the court excluded certain confessions upon the ground that these confessions were evidence of the larceny, and not of the offense for which the State had elected to prosecute. There was some evidence excluded which tended to support the prosecution. The ruling of the court was favorable to the defendant.

The court did not err in refusing the charges requested, relative to the confessions. These confessions had been excluded, and the charges were abstract, and erroneous in law.

There was evidence from which a jury might infer the guilt of the defendant, and the court properly refused the affirmative charge requested.

There was no error of record, and the motion in arrest of judgment was properly overruled. The evidence offered was not relevant on a motion in arrest of judgment. In criminal cases, motions for a new trial are not revisable.

Affirmed.