## Smith *v.* The State.

### *Murder.*

(Decided Feb. 3rd, 1910. 51 South. 611.)

1. *Indictment; Component Parts; Names of Witnesses.*—The list of witnesses for the state are placed upon an indictment for information to the clerk that he may summon the right witnesses in each case; they are not there for the information of the defendant, constitute no part of the indictment, and a list of same need not be served upon the defendant or his counsel; hence it is no objection to putting a defendant upon his trial that the names of the state's witnesses were not upon the copy of the indictment served upon him.

2. *Jury; Venire; Quashing; Mistake in Name.*—Under the provisions of Sec. 7267, Code 1907, a venire in a capital case will not be quashed because of mistakes in the names of some of the jurors, or because of discrepancies in their names in the venire and the copy served upon defendant, unless it appears that the ends of justice so requires.

3. *Same; Failure to Summon All Jurors Drawn.*—In the absence of allegation and proof of fraud in the drawing or summoning of a petit jury, a motion to quash the venire upon the ground that the sheriff had failed to summon some of the jurors drawn for that week, some being dead and others not found, was properly overruled. (Sec. 7256, Code 1907.)

4. *Evidence; Expert Evidence.*—A physician and surgeon who has been in the practice for twenty years is competent to testify as an expert as to wounds upon the body, and while so testifying may give his opinion as to whether the wounds were fatal.

5. *Same; Escape of Defendant.*—It is competent to show that while defendant was a prisoner, the jail was broken and he escaped, but the motive for such escape is for the determination of the jury.

6. *Same; Testimony of Defendant; Weight.*—A defendant is a competent witness in his own behalf, but in weighing his evidence the jury may look to the fact that he is interested in the result of the verdict.

7. *Same; Province of Jury.*—The jury is the sole judge as to the weight that should be given to all the testimony in the case.

8. *Charge of Court; Reasonable Doubt.*—The doubt that will authorize an acquittal is not a mere doubt, but must be a reasonable doubt.

9. *Same; Argumentative Instructions.*—A charge asserting that while it is true that guilt, when proven beyond a reasonable doubt, should be punished, yet unless guilt is shown by testimony which comes up to the high standard prescribed in trials for crime, the defendant should go unpunished; that it were better that the guilty go unpunished than that an innocent person, or one not shown to be guilty beyond a reasonable doubt, should be punished, is not only argumentative, but the last clause states no principle of law or hypothesis of fact.

10. *Same.*—For the same reason, a charge asserting that the state is as much interested in the acquittal of the innocent as in the punishment of the guilty, was properly refused.

11. *Same; Covered by Those Given.*—Error cannot be predicted upon the refusal of charges or parts thereof which were but repetitions of charges already given.

12. *Same; Reasonable Doubt.*—A charge requiring an acquittal if any one juror has a reasonable doubt of defendant's guilt is properly refused; the charge should have denied a finding of guilt.

13. *Same; Affirmative Charge for Defendant.*—Where there was evidence fully supporting his guilt, the defendant was not entitled to have the verdict directed for him.

14. *Same; Argumentative Instructions.*—A charge is properly refused as argumentative which asserts that in determining the guilt of the defendant the jury should consider his conduct at the time of the killing and at the place thereof, what words, if any, passed between him and the deceased, his conduct towards the deceased before and after the killing, together with his subsequent surrender to the sheriff, and give the defendant the benefit of the doubt and acquit him, if, after a due and careful consideration of the testimony, they have a reasonable doubt of his guilt growing out of any part of the testimony.

15. *Homicide; Instructions.*—A charge asserting that if the jury believe that the defendant had no motive, design or intent to take the life of the deceased, but that the killing was the result of reckless. inadvertent and careless handling of a pistol, they should acquit, is properly refused, for the reasons that all its hypotheses might be true, and yet defendant might be guilty of an offense charged in the indictment, in degree to be determined by the degree of recklessness, etc.

16. *Same; Accidental Killing.*—Carelessness may constitute guilt, if it results in serious injury or death, and hence a charge is properly refused which asserts that the defendant should be acquit-

ted if the jury found that the pistol was accidentally discharged, and was not intentionally pointed at the deceased, since an accidental discharge might result from carelessness constituting guilt.

17. *Same; Murder in First Degree or Acquittal.*—A charge setting forth the ingredients of murder in the first degree, and requiring an acquittal unless the jury find that they existed at the time of the killing is properly refused where under the indictment and evidence it was open to the jury to find for a less degree than first.

18. *New Trial; Criminal Case.*—It is entirely in the discretion of the trial court to grant or refuse a motion for a new trial in a criminal case, and not revisable here.

19. *Same; Grounds; Evidence to Support.*—Where a motion for a new trial in a criminal case is grounded upon the illegal separation of the jury, it cannot be considered on appeal unless evidence is adduced to support the motion in the trial court.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

O. Z. Smith was convicted of murder in the second degree, and he appeals. Affirmed.

The following charges were given at the request of the state:

"(1) Defendant is a competent witness in his own behalf; yet, in considering his testimony, you would be authorized to weigh it in the light of the interest he has in the result of your verdict, together with all the testimony in the case.

"(2) You are the sole judges as to the weight that should be given to all the testimony in the case.

"(3) It is not a mere doubt that authorizes an acquittal. The doubt that authorizes an acquittal must be a reasonable doubt."

The following charges were refused to the defendant:

"(8) I charge you, gentlemen of the jury, that while it is true that the guilty, when legally and properly proven beyond all reasonable doubt to be so, should be punished, yet it is equally true that, unless guilt is shown by the testimony which comes up to the high standard which has been wisely and humanely prescrib-

ed for the trial of a crime, the accused should be acquitted. Better, far better, that the guilty should go unpunished that the the innocent or those whose guilt is not shown beyond a reasonable doubt should be punished."

"(13) I charge you, gentlemen of the jury, that if you believe from the evidence in this case that the defendant had no motive, design, or intent to take the life of Rodgers, but that the killing was the result of reckless, careless, and inadvertent handling of a pistol, then you should acquit him."

"(16) I charge you, gentlemen of the jury, that the state is as much interested in the acquittal of the innocent as it is in the conviction of the guilty; and if you have a reasonable doubt of defendant's guilt, you must acquit him, the law says."

"(22) I charge you, gentlemen of the jury, that a reasonable doubt may exist, though there is no probability of the defendant's innocence from the testimony; and if the jury have not an abiding conviction to a moral certainty of his guilt, then they should find him not guilty."

"(25) The court charges the jury that, if you find from the evidence in this case that the pistol was accidentally discharged, and you further find that it was not intentionally pointed at deceased, then you should acquit the defendant."

"(27) The indictment against the defendant does not raise the presumption of guilt; but, to the contrary, he is presumed to be innocent, and this presumption remains throughout the trial of this case, and until each and every juror is satisfied beyond all reasonable doubt of his guilt, and if there remains in the minds of any individual juror a reasonable doubt of his guilt, you must acquit the defendant."

"(30) I charge you, gentlemen of the jury, that if you have a reasonable doubt as to whether the killing was done deliberately and premeditatedly, with malice aforethought, to take the life of Rodgers, you should acquit him."

(31) Affirmative charge.

"(33) I charge you, gentlemen of the jury, that in determining the guilt or innocence of defendant you should take into consideration his conduct at the place of the killing, what words, if any, were passed between them, his conduct towards the deceased before and after the killing, together with defendant's subsequent surrender to the sheriff; and if after a due and careful consideration of the testimony in the case, you have a reasonable doubt growing out of the evidence of defendant's guilt, then you should give the defendant the benefit of the doubt, and acquit him."

ISBELL & PRESSLY, for appellant.—The court erred in refusing to quash the venire.—*Carwile v. The State,* 148 Ala. 576; *Brown v. The State,* 128 Ala. 12. Charges 13 and 25 should have been given.—*Fitzgerald v. The State,* 112 Ala. 34. Charge 22 should have been given. —*Carroll v. The State,* 130 Ala. 99; *Bell v. The State,* 115 Ala. 25. Counsel discuss other charges refused but without citation of authority.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Asst. Atty. Gen., for the State.—There was no merit in the objection that the indictment did not contain the names of the witnesses.—*Hubbard v. The State,* 72 Ala. 164; *McDaniel v. The State,* 76 Ala. 1. The motion to quash was properly denied.—*Gibson v. The State,* 89 Ala. 12; *Bell v. The State,* 115 Ala. 25; *Kimbrell v. The State,* 130 Ala. 40. Dr. Wright

was an expert.—*Simon v. The State.* 108 Ala. 27. The charges given for the state were correct.—*Brown v. The State*, 142 Ala. 287. The charges requested by the defendant were either argumentative or failed to hypothesize some of the elements of self-defense, and were hence properly refused.—*Barnes v. The State*, 111 Ala. 63; *Davis v. The State*, 131 Ala. 10; *Goley v. The State*, 87 Ala. 58; *Salm v. The State*, 89 Ala. 56; 145 Ala. 37; 86 Ala. 34.

EVANS, J.—The defendant was indicted, at the fall term, 1909, of the circuit court of De Kalb county, for the offense of murder in the first degree. On the 23d day of August, 1909, the defendant was duly arraigned according to law, and pleaded "not guilty." Monday, the 30th day of August, 1909, was regularly set as the day for the trial of defendant, and 30 special jurors were drawn in all respects as the law directs for the trial of the case. The orders of the court were in all respects regular and in accordance with the law. On the day set for the trial, the defendant objected to being put on trial, because neither he, nor his counsel, had been served with a copy of the indictment as the law directs; that the names of the witnesses for the state which appear upon the indictment were not the same as those that appear upon the copy served on defendant.

It seems that it would need no discussion to show that the names of the witnesses for the state, written upon the back of the indictment, constitute no part of the indictment; and there is no law requiring that a list of these be served upon defendant or counsel appearing for him. These names are written upon the indictment for the benefit of the state, in order that the clerk of the court may be sure to summon the right witnesses for the state in each case, and not for the pur-

pose of putting the defendant on notice of what witnesses the state will use.

The defendant then filed a written motion to quash the venire. Two questions of law are raised by this motion, together with the evidence and admissions of the state going to support it. The first is that in the copy of the venire served upon the defendant the name of W. A. Gilbert, who was regularly drawn as a juror for the third week of court, and whose name should have been upon the venire served upon defendant, was not on the venire; but, instead thereof, the name of W. A. Gilbreath was written thereon. The second question of law is that several of the jurors drawn for the third week of court, the week this case was set for trial, were not summoned by the sheriff, because some were dead and others could not be found in the county.

The first question, raised by the motion to quash the venire, has been several times ruled on by this court, and always adversely to the contention of appellant. In the case of *Bell v. State,* 115 Ala. 27, 22 South. 529, the court say, Justice Head writing the opinion: "The venire in a capital case cannot properly be quashed because of mistakes in the names of the persons summoned as jurors, or because of discrepancies in their names between it and the copy served on the prisoner."—Code 1907, § 7267; *Roberts v. State,* 68 Ala. 156; *Hubbard v. State,* 72 Ala. 164.

The second question is equally without merit. The last clause of section 7256 of Code of 1907 is as follows: "And no objection can be taken to any venire facias for a petit jury, except for fraud in the drawing or summoning the jurors." As no question of fraud is alleged or proven with reference to the summoning of the jury for the third week of the term of court, the motion to quash on the ground that the sheriff failed to summon

some of the jurors drawn for said week was properly overruled. Under the proof he could not have summoned them, as some were dead and the others were not found in the county.

There was no error in the court's overruling the objection of defendant to the testimony of Dr. C. W. Wright. It was first shown that he had been a practicing physician and surgeon for 20 years; that he examined the body of the deceased shortly after his death—an hour or two. Among other things, he testified that in his opinion the death of the deceased was caused by the pistol ball. "The defendant objected to opinion of witness." A physician may testify as an expert, and may give his opinion as to whether a given wound was fatal or not.—Mayfield's Dig. vol. 5, p. 405, § 726, and authorities there cited; Bishop on Criminal Procedure, Evidence, Pleading & Practice (3d Ed.) vol. 2, § 631, "Wounds."

The defendant objected to the evidence of Sheriff Downs to the effect that while defendant was a prisoner in jail, the jail was broken and defendant escaped. The bill of exceptions states that "defendant objects to all testimony as to the jail breaking." The evidence was properly admitted, and the objection properly overruled.—*Elmore v. State*, 98 Ala. 12, 13 South. 427. His motive for escape from jail was a question for the jury to pass upon whether it was consciousness of guilt or something else.

Charges 1, 2, and 3, given at the request of the state, have been so often approved by this court that it is useless to discuss them or cite authority. Besides, the principles enunciated in each are elementary, and applicable to all criminal cases.

All charges asked by defendant and refused by the court were properly refused. Charge 8 is argumenta-

tive, and the last sentence states no principle of law nor hypothesis of fact. The law does not enter into any such speculations.

Charge 13 was defective because, although all it hypothesizes might be true, and still the defendant be guilty of an offense against the law; and the degree of that offense would depend upon the degree of recklessness.

Charge 16 is argumentative in the first half and states no proposition of law, nor does it hypothesize any matters of fact. In the latter half it is but a repetition of what was given in several charges asked by defendant.

Charge 22 is a substantial reproduction of charge 20, given at request of defendant. It was, therefore, properly refused.

Charge 25 was properly refused, as an accidental discharge might have been caused by such recklessness or carelessness as would constitute guilt, if it resulted in the injury or death of any one.

Charge 27 requires an acquittal if any one juror has a reasonable doubt of defendant's guilt. It was, therefore, properly refused.

Charge 30 in effect states that, if the jury does not find the defendant guilty of murder in the first degree, then they must acquit him. This was palpably incorrect. Under the indictment and the evidence, the jury could find him guilty of any degree of homicide.

Charge 31 was the affirmative charge for the defendant, and, under the evidence, was clearly wrong. The evidence showed without dispute that defendant killed deceased by shooting him with a pistol, and fully supported the theory of his guilt.

Charge 33 was an argument, and was properly refused.

[Barnett v. The State.]

Motion for a new trial in criminal cases is a matter to be determined by the trial court, and is entirely within its discretion.—*Burrage v. State,* 113 Ala. 108, 21 South. 213; *Cooper v. State,* 88 Ala. 107, 7 South. 47.

There was no evidence adduced to support the charge of an illegal separation of the jury, on the motion to set aside the verdict. This court cannot, therefore, consider that ground set out in the motion.

There being no error, the judgment of the lower court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.