148 So. 157

## TERRY v. STATE.

### 8 Div. 454.

Court of Appeals of Alabama.

March 1, 1932.

Rehearing Denied May 17, 1932.

O. Kyle, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

The indictment charged this appellant with the offense of murder in the first degree, in that he unlawfully and with malice aforethought killed Tillman Points by shooting him with a gun or pistol. This appellant, as shown by the record, is a white man; the deceased named in the indictment was a negro. The trial resulted in the conviction by the jury of appellant of manslaughter in the first degree, and his punishment was fixed at imprisonment in the penitentiary for a term of eight years. Judgment of conviction was accordingly pronounced and entered, from which this appeal was taken.

■ The evidence was in conflict and presented a jury question. That for the state tended to show a cruel, uncalled for killing, without justification or mitigating circumstances. That for the defendant tended to show he had been threatened by the deceased, and at the time of the killing the deceased made an overt act by thrusting his hand in the apron of his overalls. As stated, this conflicting evidence was for the jury to reconcile and determine. Certainly, if the state's theory of the killing was correct, this appellant could not complain at the verdict of the jury above indicated. Pending the trial, numerous exceptions were reserved to the rulings of the court, and are here urged as error. A number of these exceptions need not be discussed, as they patently are without merit.

■ Appellant complains of the court's action and statement in connection with the testimony of the defendant relative to certain alleged threats against him by deceased and communicated to him by one Palmore Smith. The defendant testified: "On the night of the 12th of May I was at home; that night one, Palmore Smith, came to my house; I had a conversation with him; he just came up to my door and told me to come out, that he

wanted to see me. I told him to come on in the house, and he come on in and I got him a chair and he sat down in front of the grate; and he says: 'Mr. Terry, you is a white man and I am a negro, and I would advise you to take your family and leave home tonight; I wouldn't stay here.' I said: 'What is the trouble?' and he said 'I have come from Earl Jones and Tillman Points and he said they have their guns and are drinking and he said they are going to get you tonight if they have to get you through the window.'" The court ex mero motu excluded that portion of the foregoing testimony as to the advice given the witness by Palmore Smith, and stated: "Advising him is not evidence. The threat is." In this there was no error. This latter statement by the court was in explanation of his former remark: "This is not evidence, gentlemen none of that." In this remark it is plainly manifest the court had reference to the "advice" given defendant by said Palmore Smith and not to the alleged threat. The court, therefore, very properly made the matter clear to the jury by the subsequent remark. Reversible error cannot be based upon this incident. Moreover, the defendant, without objection, had full benefit of all the alleged conversation between Palmore Smith and defendant as noted in the testimony of Mrs. Velma Terry, wife of defendant, wherein she was permitted to testify, and as stated, without objection: "I remember hearing of this difficulty that my husband and the Points negro had; Palmore Smith was at my house the evening before the shooting took place next morning; my husband was there at home at that time; we lived on the highway; Palmore talked to my husband in my presence; in my front room; I knew Tillman Points; Palmore at that time and place said to my husband: 'Mr. Lum I am a negro and you are a white man, but I have come to tell you that if it was me, like it is you, I would take my family and leave home, because Earl Jones and Tillman Points have cleaned up their guns and says they are going to get you tonight if they have to burn up your house; they are going to get you if they have to get your whole family.' * * * The evening that Palmore came to the house, if I am not mistaken was on a Tuesday evening, and the shooting took place the next day."

■ The court delivered an elaborate, full, complete, and able charge to the jury defining the law applicable to the issues involved upon this trial. In addition to the oral charge, numerous specially requested charges were given, some of which the court deemed necessary to explain. In this connection and in each instance there was no attempt upon the part of the court to modify any of these charges; and the explanation of the several charges was plain and explicit and in conformity to law, and in the opinion of this court was calculated to enable the jury to more clearly understand the principles of law involved. Section 9509 of the Code 1923 provides the rule as to charges moved for by parties, and requires that they must be given or refused in the terms in which they are written; but certainly, if there should be apprehension in the mind of the presiding judge that the charge at the request of either party had placed in undue prominence before the jury any particular phase of the case, it would be not only his privilege, but his duty as well, to give an additional explanatory charge, so as to present before the minds of the jury a fair and impartial statement of the various questions on which they are called to pronounce. In the case of Eiland v. State, 52 Ala. 322, it was held that explanations of charges are not prohibited, qualifications are.

■ It is conceded by counsel for appellant, on this appeal, that practically all of the charges refused to defendant were properly refused. But insistence is made that error prevailed in the refusal of charges 6 and 9. These two charges were fairly and substantially covered by the court's oral charge and those given at the instance of defendant.

■■ The court properly allowed the state to propound to the defendant, when testifying in his own behalf, the question: "Mr. Terry, I want to ask you this: Isn't it a fact you have been convicted of murder?" To which question the witness answered "Yes sir," and then volunteered the statement: "I got a full pardon." The crime of murder involves moral turpitude, and by express statutory provision a witness may be examined touching his conviction for crime, section 7723, Code 1923, and, if he has been convicted of a crime involving moral turpitude, such fact goes to his credibility. Section 7722, Code 1923. The fact of a witness having been afterwards pardoned in no manner affects the rule above stated.

The motion for a new trial in this case is predicated upon points of decision which arose during the trial. There is no phase of this case which entitled the defendant to the affirmative charge. The motion was properly overruled.

We find no reversible error in any ruling of the trial court. The record is regular in all things; therefore without error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.