148 So. 159

## TERRY v. STATE.

8 Div. 427.

Supreme Court of Alabama.

June 9, 1932.

Rehearing Denied May 25, 1933.

O. Kyle, of Decatur, for petitioner.

686

Thos. E. Knight, Jr., Atty. Gen., for the State.

KNIGHT, Justice.

The petitioner, Lum Terry, was tried for the offense of murder in the first degree, was convicted of manslaughter in the first degree, punishment fixed at imprisonment in the penitentiary of this state for the period of eight years, and, from the judgment and sentence in the cause, he prosecuted an appeal to the Court of Appeals, 148 So. 157. That court has affirmed the judgment and sentence, and the appellant, petitioner, in this court, has applied here for writ of certiorari to review and reverse the decision of the Court of Appeals.

It is first insisted that the Court of Appeals committed error in holding that the trial court committed no error in "excluding from the jury evidence of the circumstances under which a threat that had been communicated to defendant, and in excluding 'they have their guns and are drinking.'" From the opinion of the Court of Appeals it appears that, while defendant was on the stand, testifying in his own behalf, and in the course of his testimony, he stated: "On the night of the 12th of May I was at home; that night one, Palmore Smith, came to my house; I had a conversation with him; he just came up to my door and told me to come out, that he wanted to see me. I told him to come on in the house, and he came on in and I got him a chair and he sat down in front of the grate; and he says: 'Mr. Terry, you is a white man and I am a negro, and I would advise you to take your family and leave home tonight; I wouldn't stay here.' I said: 'What is the trouble?' and he said 'I have come from Earl Jones and Tillman Points and he said they have their guns and are drinking and he said they are going to get you to night if they have to get you through the window.'"

From the opinion of the Court of Appeals, it further appears that the trial court ex mero motu excluded that portion of the foregoing testimony as to the advice given the defendant (witness) by Palmore Smith, and the trial court stated, in excluding the evidence as to the advice given: "Advising him is not evidence. The threat is." In its opinion the Court of Appeals further states with reference to this action of the trial court: "This latter statement by the court was in explanation of his former remark: 'This is not evidence, gentlemen none of that.' In this remark it is plainly manifest the court had reference to the 'advice' given defendant by said Palmore Smith and not to the alleged threat. The court, therefore, very properly made the matter clear to the jury by the subsequent remark."

Whether the court's action was right or wrong in excluding any part of the statement made to the defendant by Palmore Smith, it is not necessary for us to determine, and we do not decide, as the Court of Appeals further holds in its opinion that the defendant had the full benefit of the testimony in other testimony admitted on behalf of defendant, and without objection. The Court of Appeals has applied to the case, in this particular, the doctrine of error without injury. We will not therefore review this question, which involves a finding of fact on the part of the court. Williams v. State, 222 Ala. 584, 133 So. 737; Tucker v. State, 221 Ala. 412, 129 So. 291; Fairbanks, Morse & Co. v. Dees, 220 Ala. 604, 126 So. 621; Wood v. Hacker, 219 Ala. 139, 121 So. 441; Bolen Bros. v. Miller, 218 Ala. 12, 117 So. 462; Campbell v. State, 216 Ala. 295, 112 So. 902; Ex parte Steverson, 211 Ala. 597, 100 So. 912.

We will add, however, that the record shows that the testimony as to the alleged threats by the deceased against defendant was without dispute.

It is next insisted by petitioner that the trial court committed reversible error in refusing defendant's requested charges 6 and 9. With reference to these two charges the Court of Appeals has determined that these "two charges were fairly and substantially covered by the court's oral charge, and those given at the instance of defendant." This finding of fact, with reference to charges 6 and 9, we will not review, under our uniform rulings. Authorities, supra.

Charge 12, requested by defendant, was manifestly bad, and has heretofore been condemned by this court. Gurley v. State, 216 Ala. 342, 113 So. 391; Smith v. State, 197 Ala. 193, 72 So. 316. It follows, therefore, that the writ prayed for will be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.