165 So. 782

## HUDSON v. STATE.

### 2 Div. 72.

Supreme Court of Alabama.

Jan. 30, 1936.

Pitts & Pitts, of Selma, for petitioner.

A. A. Carmichael, Atty. Gen., opposed.

PER CURIAM.

While disapproving the language used in argument, commented upon by the Court of Appeals, yet we are unwilling to reverse the judgment of that court, which carefully reviewed the whole record, to the effect that prejudicial error did not intervene. As said in Peterson v. State, 227 Ala. 361, 150 So. 156, 160: "Should it be treated, however, as improper argument, yet we think it may be permitted to pass as belonging to that class of hasty or exaggerated statements of opinion counsel often make in the heat of debate, which do not, and are not expected to become factors in the formation of the verdict, and which usually are valued at their true worth."

Writ denied.

GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.

BROWN and KNIGHT, JJ., dissent, being of the opinion that interpreting the opprobrious epithet, "low-down, yellow, cur dog," to mean that the defendant was

"a very low, mean, base, cowardly, worthless fellow," it was nevertheless the statement of a fact, not material to the issues as to whether or not the homicide was unlawful or justifiable, and it would not have been permissible to prove such fact by any sort of evidence on the trial.

In Wolffe v. Minnis, 74 Ala. 386, 389, the statement that one of the parties was "a large-hearted, great-souled man, confiding and trusting," was held to be the statement of a fact and not permissible. The court, speaking through Justice Stone, observed:

"We think the language complained of in this case should not have been indulged; and coming as it did from able, eminent counsel, it was well calculated to exert an improper influence on the minds of the jurors. The court might, and probably should, have arrested it ex mero motu. It is one of the highest judicial functions, to see the law impartially administered, and to prevent, as far as possible, all improper, extraneous influences from finding their way into the jury-box. And when opposing counsel objected to the improper language employed, and called the attention of the court to it, it was not enough that offending counsel replied, 'Oh, well, I'll take it back.' Such remark cannot efface the impression. The court should have instructed the jury, in clear terms, that such remarks were not legitimate argument, and that they should not consider any thing, thus said, in their deliberations. Nothing short of a prompt, emphatic disapproval of such line of argument, and that from the court itself, can avert the probable mischief." For the error of the court in not excluding the remarks and instructing the jury to disregard them, the judgment was reversed. See, also, Chambers v. State, 17 Ala.App. 178, 84 So. 638.

In the face of the epithet applied to the defendant and approved by the ruling of the court, though the evidence which he offered made a case of self-defense, as the opinion of the Court of Appeals holds, he had no more chance to a fair consideration of such defense, than did the proverbial snowball have to maintain its icy existence.

We therefore respectfully dissent.