182 So. 3

## WEEMS v. STATE.

### 8 Div. 845.

Supreme Court of Alabama.

June 9, 1938.

Osmond K. Fraenkel and Samuel S. Leibowitz, both of New York City, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

**BROWN, Justice.**

■ Before the amendment of § 2846 of the Code of 1907, by the Act of September 22, 1915 (Acts 1915, p. 722, § 1), a motion for new trial in criminal prosecutions was addressed to the trial court's discretion, and was not reviewable on appeal. Suttles v. State, 15 Ala.App. 582, 74 So. 400; Burrage v. State, 113 Ala. 108, 21 So. 213; Cooper v. State, 88 Ala. 107, 7 So. 47; Smith v. State, 165 Ala. 50, 58, 51 So. 610, 611.

The statute as amended by said act was first applied on appeal in a criminal case, in Britton v. State, 15 Ala.App. 584, 74 So. 721, decided on March 23, 1917, by the Court of Appeals.

■ It was there said (page 722): "It is manifest from the provisions of this stat-ute that it is essential to the right to review the ruling of the trial court on a motion for new trial that an exception should be reserved, and *that this, with the evidence and the ruling of the trial court on the motion, should be incorporated in the bill of exceptions.*" (Italics supplied.)

■ In this connection it was also held that the act approved September 18, 1915 (Acts 1915, p. 598, § 1), now § 9459 of the Code 1923, making motions in writing a part of the record proper, reviewable on appeal without exceptions being reserved, did not apply to motions for new trial. Britton v. State, supra.; Powell v. Folmar, 201 Ala. 271, 78 So. 47; Stover v. State, 204 Ala. 311, 85 So. 393.

■ These statutes, since that decision, have been brought forward in the Code of 1923, sections 6088, 9459, without change in verbiage and this court and the court of appeals have uniformly held that the bill of exceptions is the vehicle for showing an exception to the ruling on motions for new trial, and is the only method of presenting the same for review. Hull v. State, 232 Ala. 281, 167 So. 553; Ex parte Grace, Grace v. Old Dominion Garment Company, 213 Ala. 550, 105 So. 707; Dukes v. State, 210 Ala. 442, 98 So. 368; Stover v. State, supra; William H. Pelham v. State, 24 Ala. App. 330, 134 So. 888; Id., 223 Ala. 155, 134 So. 890.

■ The subsequent enactment of these statutes as a part of the Code of 1923, was a legislative confirmation of their interpretation. Spooney v. State, 217 Ala. 219, 115 So. 308.

■ No mention of the motion for new trial is made in the bill of exceptions incorporated in the record in this case, and it being the only vehicle provided by law for showing the ruling and exceptions thereto, the ruling of the court on the motion and the sufficiency of the evidence to support the verdict is not presented for review.

The appellant's counsel, in argument at the bar, conceded that the questions raised by the defendant's motion for change of venue and transfer of the case for trial to the Federal Court, in the light of the ruling in Patterson v. State, 234 Ala. 342, 175 So. 371; Id., 302 U.S. 733, 58 S.Ct. 121, 82 L.Ed. 567, is without merit, and we pass this phase of the case without further comment.

■ The testimony of Simmons, the deputy sheriff, that, "shortly after the ne-

groes were in jail in Scottsboro, he searched them and took a white handled knife and 50¢ from one of them, not the defendant," Weems, was, in the light of the testimony of the prosecutrix that the mob, consisting of the defendant and others, who raped her, took her white handled knife and money, 50¢, tended to corroborate her testimony, and the defendant's objection to this testimony was overruled without error.

All that the bill of exceptions recites in respect to objection to argument is:

"Mr. Leibowitz: Mr. Hutson just said to the jury, 'How would you like to have your daughter on that train with nine negroes in a car?'

"Now, your honor, I must object to that.

"The Court: The objection is overruled.

"Mr. Leibowitz: on the ground it is inflammatory.

"Mr. Hutson: I submit it is not as inflammatory as your argument..

"Mr. Leibowitz: Exception."

It clearly appears that this meager recital in the bill of exceptions does not present the entire picture, as it was presented to the trial Judge, but it appears that the statement of the Solicitor was used arguendo, and tends to show that it was provoked by inflammatory argument of defendant's counsel.

█ Therefore, we can not affirm error to reverse in these rulings of the court. Davis v. State, 233 Ala. 202, 172 So. 344; Peterson v. State, 227 Ala. 361, 150 So. 156; Id., 291 U.S. 661, 54 S.Ct. 439, 78 L.Ed. 1053; Arant v. State, 232 Ala. 275, 167 So. 540; Hudson v. State, 231 Ala. 492, 165 So. 782; Peterson v. State, 231 Ala. 625, 166 So. 20.

The foregoing are the only questions insisted upon in brief and in argument. We have examined all other rulings and find nothing that requires treatment.

The record and proceedings of the trial court appear regular in all things and are free from reversible errors. The judgment of conviction is due to be affirmed.

It is so ordered by the court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.