195 So. 731

**C. L. GRAY LUMBER CO. v. JOHNSON.**

**2 Div. 158.**

Supreme Court of Alabama.

April 11, 1940.

Rehearing Denied May 16, 1940.

W. H. Lindsey, Jr., and J. D. Lindsey, both of Butler, for appellant.

D. M. Boswell, of Butler, for appellee.

THOMAS, Justice.

The suit was in ejectment by a corporation. The judgment was for defendant on the verdict of the jury and the appeal is prosecuted thereon. It was such a final judgment that supports an appeal. De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265.

The several questions presented will be considered as urged.

There was motion for new trial, which was overruled and an exception taken to such ruling, all being shown by the bill of exceptions. Michie's Code, § 6088; Weems v. State, 236 Ala. 261, 182 So. 3; Caudle v. Sears, Roebuck & Co., 236 Ala. 37, 182 So 461.

The rules and decisions touching motions for new trial for newly discovered evidence were considered in Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45. We find no error in the court's overruling the motion for a new trial on this ground. The evidence fails to show due diligence in procuring the evidence of Turner or Todd and that such newly discovered evidence would probably change the verdict. Malone Coal, Grain & Motor Co. v. Hale, 207 Ala. 335, 92 So. 553.

There were conflicting tendencies of evidence and no error was committed in submitting the issues of fact to the jury. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

The affirmative charge which was requested was properly refused.

In Gunn v. Parsons, 213 Ala. 217, 104 So. 390, it is declared that where "two persons claim to have actual possession of the same land," he is deemed in possession who has the legal title and the other is a trespasser. The same rule has been announced in Dennis v. McEntire Merc. Co., 187 Ala. 314, 65 So. 774.

The failure of charge two to state the law lies in the expression—"your ver-

dict should be for the one you find to have the *better* title." The charge should have required the finding to have been for the one you "find to have the *legal* title."

■ Refused charge three sought to charge the jury in the language of the statute (Code, § 6069), but is materially and fatally defective in the omission of the requirement of the statute of the words "to him." It should have been purporting to *convey title to him* and not as stated in the charge *to convey title*. That is to say, a deed or other color of title purporting to convey title to *some other or third party,* etc., would not be within the statute. There was, therefore, no error in refusing charge three.

■■ Refused charge 6 was as follows: "The Court charges the Jury that the *alleged Deed* from Amanda Bruister, D. M. Boswell and George Jones to Pink Johnson and Lillian Johnson not having been recorded, can not be considered a color of title."

This charge sought to instruct the jury on one phase of § 6069 of the Code as to adverse possession. The evidence tended to show that the listing of the lands for taxes was by the defendant for and since the year 1929 to 1939, successively and inclusively; and that, theretofore the taxes were listed by the wife of appellee's ancestor, Mrs. Bruister, the homestead patentee.

The record also shows that the plaintiff assessed the lands for taxes from 1918 through 1939.

The suit was brought on September 16, 1938. Thus the defendant's assessments for taxes were for a period less than ten years before the suit was brought and that of Mrs. Bruister completed a tax period of ten years.

· The statute as to adverse possession, § 6069, Michie's Code, p. 966, is in three alternatives, viz.: "Adverse possession cannot confer or defeat title to land unless the party setting it up shall show (1) that *a deed or other color of title* purporting *to convey title to him* has been duly recorded in the office of the judge of probate of the county in which the land lies *for ten years* before the commencement of the action; or (2) unless he and those through whom he claims shall have annually *listed the land for taxation* in the proper county for ten years prior to the commencement of the action, if the land is subject to taxation;

or (3) unless he derives title by descent cast, or devise from a predecessor in the title who was in possession of the land. * * *" [Italics and parentheses supplied.]

The charge should not have been given under the provisions of the statute touching color of title, since it used the word "alleged" which reflected on the character and quality of the deed in question. Moreover, the charge is misleading in that it had a tendency to impress that the deed in question as executed did not pass the title to the property. This issue was properly submitted to the jury by the trial court.

It results from the foregoing that the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

On Rehearing.

PER CURIAM.

Application for rehearing overruled. ·

THOMAS, BROWN, FOSTER, and LIVINGSTON, JJ., concur.