132 So.2d 754

**J. D. MORRIS**

v.

**Claude YANCEY.**

I Div. 963.

Supreme Court of Alabama.

June 29, 1961.

Rehearing Denied Sept. 21, 1961.

**550**

Cecil G. Chason, Foley, and Thompson & White, Bay Minette, for appellant.

Wilters & Brantley, Bay Minette, for appellee.

MERRILL, Justice.

This is the third appeal by the plaintiff, J. D. Morris, in an ejectment suit against appellee. On the first appeal, we reversed a judgment in favor of appellee because the trial court had given the general charge for appellee, and we held that a jury question was presented. 266 Ala. 54, 94 So.2d 195. At the second trial, the court submitted the question to the jury and verdict was in favor of the appellee. We affirmed the judgment based upon the verdict. 267 Ala. 657, 104 So.2d 553.

Appellant filed another ejectment suit for the same lands. Verdict and judgment were again for appellee and this appeal followed. This is the final ejectment suit between these parties relating to these lands. Tit. 7, § 959, Code 1940.

There is little material difference in the facts in this case and those set out in Morris v. Yancey, 267 Ala. 657, 104 So.2d 553. Since we do not reach a discussion of the facts on this appeal, the facts will not be restated here.

Of the twelve assignments of error, appellant purportedly argues all but No. 6 in brief. We list one group:

"1. For that the verdict of the jury and the judgment of the court is con-

trary to the great weight of the evidence.

"2. For that the verdict of the jury and the judgment of the court is contrary to the great weight of the evidence in that the legal evidence on the lands sued for fails to show such possession as will establish prescription on the part of the defendant.

"9. For that the verdict of the jury and the judgment of the court is contrary to the evidence in that the legal evidence concerning the property described in the complaint did not meet the requirements of the law for prescription.

"11. For that the verdict of the jury and the judgment of the court is contrary to the evidence in that it is based on evidence admitted concerning the occupancy of a tract or parcel of land which was not involved in the litigation nor described in the complaint.

"12. For that the verdict of the jury and the judgment of the court is contrary to the evidence in that the court erroneously admitted evidence of the occupancy of the 4-acre tract exception in said complaint."

■ These assignments of error are not sufficient to present any question for our review. Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736; Thompson v. State, 267 Ala. 22, 99 So.2d 198; Mulkin v. Mc-Donough Construction Co. of Ga., 266 Ala. 281, 95 So.2d 921; King v. Jackson, 264 Ala. 339, 87 So.2d 623.

Another group reads:

"7. For that the court erred in overruling objections of the plaintiff to testimony of the defendant and of the defendant's witnesses as to possession of the defendant of property excluded in the complaint.

"8. For that the court erred in admitting testimony repeatedly concern-

ing occupancy and possession of the 4-acre tract which was excepted from the complaint.

"10. For that the court erred in admitting testimony repeatedly concerning occupancy and possession of land not a part of this action."

■ These assignments of error are too general. Morris v. Yancey, 267 Ala. 657, 104 So.2d 553[12]; Orso v. Cater, Ala., 133 So.2d 864.

■ This court has repeatedly held that only adverse rulings of the trial court are subject to an assignment of error on appeal from a judgment in a civil case based on a jury verdict. Morris v. Yancey, 267 Ala. 657, 104 So.2d 553. Moreover, there is no citation in the assignment of error of the transcript page on which the alleged error could be found. Brooks v. Everett, Ala., 124 So.2d 105; Orso v. Cater, supra.

Assignments of error 3 and 4 charge that the verdict was contrary to the following part of the oral charge:

"So, gentlemen, as I said, when it comes down to it, you are the sole judges. The law is limited as to a paper title and possession and on the adverse side title by prescription. You are to determine which is the stronger."

This statement was part of the recapitulation of the trial court. The jury was to decide between plaintiff's evidence of paper title and alleged possession, and defendant's evidence of possession by his father from 1897 to 1933, and his own possession since that date. The verdict was not contrary to this instruction.

The only remaining argued assignment of error is that the court erred in denying plaintiff's motion for a new trial on the grounds of newly discovered evidence.

■ To warrant the granting of a motion for a new trial on the ground of

newly discovered evidence, the petitioner must show the nature of the newly discovered evidence and the fact that such evidence would probably cause a different conclusion to be reached, and that it is not merely in the nature of cumulative evidence, and in addition must show that they had no notice of the evidence and could not have discovered it by reasonable effort in order to obtain the benefit of it on the trial. Tankersley v. Tankersley, 270 Ala. 571, 120 So.2d 744; Alexander v. Alexander, 230 Ala. 170, 160 So. 343.

Here, the newly discovered evidence, presented by an affidavit, was in the form of photostatic copies of a voter registration certificate from the records of the Probate Court of Mobile County, showing that appellee had paid poll tax in Mobile County from 1923 to 1945, and photostatic copies of old city directories of Mobile which showed that appellee's father had lived at various Mobile addresses.

This evidence was only cumulative, because appellant offered evidence at the trial that appellee lived in Mobile County and not in Baldwin County.

There is also a question about due diligence. This dispute has been in the courts since 1955 and these records had been in existence all that time, and appellant's affidavit in support of the motion states that appellant and counsel "had previously searched court records of Mobile County."

 A new trial should not be granted on newly discovered evidence unless such evidence would probably change the verdict. Malone Coal, Grain & Motor Co. v. Hale, 207 Ala. 335, 92 So. 553. We are not convinced that the new evidence would probably change the verdict. Gray Lumber Co. v. Johnson, 239 Ala. 576, 195 So. 731.

Finally, a motion for a new trial based on newly discovered evidence is addressed largely to the trial court's sound discretion. Birmingham Electric Co. v. Toner, 251 Ala. 414, 37 So.2d 584; Hop-

kins v. Harrison, 228 Ala. 180, 153 So. 255. We cannot hold that there was an abuse of discretion here.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.