296 So.2d 921

Robert HILL

v.

STATE.

4 Div. 205.

Court of Criminal Appeals of Alabama.

June 28, 1974.

Kenneth R. Cain, Ozark, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Alston Keith, Jr., Sp. Asst. Atty. Gen., Selma, for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, a partial indigent to the extent of obtaining a free transcript of the evidence, was indicted for murder in the first degree. He was convicted therefor with punishment fixed at life imprisonment. He appeals from a judgment entered pursuant to the verdict.

## MOTION FOR A NEW TRIAL

Argued grounds seriatim on this appeal are as follows:

"(12) For the Jurors trying the case did not obey the order of this court not to discuss the case among themselves prior to the submission of the case to the jury for deliberation."

The movant (defendant) caused subpoenas to be issued to eight jurors who sat in judgment on the case. Some of these jurors testified about commenting to one or more other jurors about the evidence of some of the witnesses. This was done prior to the court's oral charge while the jurors were in recess. Each juror who acknowledged such comments testified that he did not deliberate on the guilt or innocence of the defendant until the evidence was in and the court had instructed them as to the law of the case.

We comment that it was an unnecessary burden on the jurors to bring them

back to court (eight in number) for the adduction of their testimony by which the defendant sought to impeach their verdict of guilt by showing a premature deliberation contrary to the court's instruction.

Such procedure is clearly inhibited by many Alabama appellate decisions collated in Vol. 9, Alabama Digest, Criminal Law, ⟶4157(1). Neither can such impeachment be shown by affidavit. Ingram v. State, 259 Ala. 324, 66 So.2d 843. Jurors may not impeach their verdict by disclosing deliberations. Webb v. State, 26 Ala.App. 241, 157 So. 262.

■ The trial court erred in failing to sustain the state's objection to such procedure. However, denial of the motion to vacate the verdict and judgment made the admission harmless. The jurors were inconvenienced by having to appear at the hearing on the motion with respect to such impeachment. The defendant suffered no prejudice by such premature deliberation.

"(13) For that one or more of the Jurors did not correctly answer the question propounded to them, 'Have you or any member of your family or relatives ever been convicted of a crime.' "

We fail to find any evidence that any juror or any member of his family or relatives ever had been convicted of a crime.

"(14) For that one or more of the Jurors did not correctly answer the question propounded to them, 'Are any of you friendly, associated, or related to anyone in the District Attorney and Assistant District Attorney's Office, the police department, or any law enforcement agency including the Sheriff's Department?' "

We likewise find no evidence that any juror was friendly, associated with, or related to anyone in the office of the District Attorney or the Assistant District Attorney, the Police Department or any law enforcement agency including the Sheriff's Department.

"(15) For that one or more of the Jurors did not correctly answer the question propounded to them, 'Have you ever been represented by Mr. Matthews or Mr. Boswell?' "

There was no evidence adduced that any of the jurors had ever been represented by the District Attorney.

There was evidence introduced by the state which, if believed by the jury, was sufficient to sustain the verdict of the jury convicting the defendant of first degree murder. We will delineate pertinent evidence in this opinion.

Appellant contends that a brother of Lewie F. Trawick, the foreman of the jury who convicted the defendant, once worked for the City of Ozark as a policeman. The evidence discloses that the brother was fired long before the defendant's trial.

We here note that under a local rule of the circuit court, the defendant was required to submit in writing his questions concerning the bias, interests, and qualifications of the prospective jurors. The defendant submitted nineteen such written questions, all of which the trial court propounded to the prospective jurors. The court asked the counsel for the defendant if he desired any further qualifications. The answer was "No, sir." Thereupon, at the insistence of the state, the court elicited the occupation of each such prospective juror.

■ Question 14, supra, is in the present tense. The brother of Mr. Trawick, the foreman as we have noted, was not on the police force at the time of the defendant's trial. The probability is that having been fired, he was not very friendly to the Police Department of Ozark.

Sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, and twenty-five, all re-

fer to newly discovered evidence of certain persons.

There are several persons named in the motion for a new trial with respect to newly discovered evidence. The only evidence taken was that of James Frank Phillips, whose name did not appear in the list of persons whose testimony would be newly discovered evidence.

The evidence of such witness was taken as to what he knew about the case.

■ The ruling of the court denying the motion for a new trial did not include a ruling on the effect of Phillips' testimony. We might state that there is nothing in the record to show that, with respect to such witness, the defendant showed due diligence in procuring the evidence of this witness before the trial. C. L. Gray Lumber Co. v. Johnson, 239 Ala. 576, 195 So. 731. The evidence was insufficient to sustain the ground.

We think the motion for a new trial was not supported by any of the evidence and is without merit. It was correctly overruled.

## ON THE MERITS

■ The instant homicide occurred at Dot's Restaurant in Ozark, Alabama. The prosecution adduced the testimony of Leroy Kilow, a co-partner with his wife in the operation of the restaurant. This witness, Leroy Kilow, testified inter alia that the victim, I. V. Mixon, came into the restaurant with some others and then started toward the front door, after being warned of danger and not to do so; that as he reached the front door without going outside, he was felled by a shotgun blast, which was the cause of his death, according to the testimony of the Coroner. This witness, Kilow, testified that the victim had his hands in his pocket but did not have any firearms on his person.

It appears from the evidence of the witness that a few minutes before the blast which killed I. V. Mixon, the defendant, Robert Hill, and his brother, Luther Hill, were in the restaurant and conversed with the witness as follows:

"A. He (Robert Hill) asked if I had seen I. V. (Mixon) and I told him no."

\* \* \* \* \* \*

"Q. Tell the jury what the conversation was?

"A. What he said was he can't walk the street because he was going to kill him."

"Q. Was there anything else said?

"A. They stood around a while and—I said ya'll ain't going to do—Luther said if he don't, I am."

\* \* \* \* \* \*

"Q. Where did they go from there?

"A. Outside."

There was evidence that the defendant retrieved his single-barrel shotgun from his automobile outside the door, loaded it, and fired the fatal shot as the victim reached the door. There was other evidence that implicated the defendant in the homicide.

Leroy Kilow's evidence, supra, was essentially corroborated by his wife. In other words, she testified practically the same thing as her husband did.

The phases of the evidence, supra, sustain the verdict of the jury finding the defendant guilty of murder in the first degree.

There was no error in denying defendant's motion to exclude the state's evidence and discharge the defendant.

The defendant's evidence supported his contention that about three hours before the shooting, I. V. Mixon along with another came to the home of Geraldine Grace, a sister of Leroy Kilow's wife, and after making threats, shot at the defendant

as he ran to avoid injury from the gun in the hands of the deceased. After this incident, the defendant and his brother went to the restaurant to talk to the deceased. The defendant further contended, supported by other witnesses, that the deceased had a gun in his pocket which he pulled; that he fired the shot in defense of his own person, as Mixon was coming out the door.

Suffice it to say that there was a conflict of delineated evidence as to the circumstances leading up to and surrounding the killing. As happens in many cases, there was a woman involved, according to portions of the evidence.

The defendant offered the evidence of some witnesses who testified as to the defendant's good character and the victim's bad reputation.

We will not burden this opinion with extended details but have included enough to show the trend of the testimony and the essentials of the conflict.

The jury resolved the issues against the defendant by finding him guilty of murder in the first degree. The defendant's guilt and the degree of the homicide were jury questions. We see no reason to disturb. Cancell v. State, 24 Ala.App. 197, 132 So. 607; McClung v. State, 25 Ala.App. 131, 142 So. 843; Terry v. State, 25 Ala.App. 135, 148 So. 157, cert. den., 226 Ala. 685, 148 So. 159; Stovall v. State, 34 Ala.App. 610, 42 So.2d 636, cert. den., 252 Ala. 670, 42 So.2d 639.

The judgment is due to be and is hereby affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.