309 So.2d 830

Mrs. Milton SAULS

v.

BARTLETT & HIGGINS CONSTRUCTION CO., a corp.

Edna SAULS

v.

Harold HIGGINS and Bartlett & Higgins Construction Co., a corp.

Civ. 425, Civ. 425–A.

Court of Civil Appeals of Alabama.

March 12, 1975.

Burns, Shumaker & Davis, Gadsden, for appellant.

James F. Hinton, Gadsden, for appellee.

BRADLEY, Judge.

Bartlett & Higgins Construction Company, a Corporation, hereinafter referred to as appellee, filed an action in the Circuit Court of Etowah County claiming $1,336.50 plus interest for work and labor done on behalf of Mrs. Milton Sauls, subsequently referred to as appellant. Appellant then filed a general denial. She later filed a separate action against Harold Higgins and Bartlett & Higgins Construction Corporation, a Corporation, also referred to as appellee, seeking damages in the amount of $5,000 and punitive damages for trespass to land and destruction of timber thereon. Appellee, Harold Higgins and Bartlett & Higgins Construction Corporation, a Corporation, filed an answer denying the allegations of the complaint. The cases were consolidated for trial and were heard by the court and a jury. A verdict was returned by the jury finding in favor of appellee in both cases. There was a motion for a new trial and it was overruled. Appellant has appealed the verdict and judgment on the merits and the order overruling the motion for new trial.

Appellant's sole argument in brief is that the trial court erred in overruling her motion for a new trial for the reason that newly discovered evidence was presented to the court consisting of material admissions made by the successful party after the trial which were not cumulative of evidence at trial and which would have probably changed the verdict handed down by the jury.

The evidence taken by the court in the case in chief shows that appellant contacted Higgins about clearing and terracing some land she owned so that it could be farmed. On September 15, 1972 she, Mr. Higgins and a Mr. Bartlett went to her farm where she showed them what she wanted done. She testified that she wanted the land, about twelve acres, cleared and terraced so that it might be farmed. She asked for an estimate of cost and was told it would cost $20 an hour. She further testified that she told Higgins that if she engaged him to do the work, it could only be done on Saturdays when she would be present. She stated that at this time no commitment had been made for the work to be done by appellee.

Appellant stated that the first notice she had of work being done on her farm was when Mr. Higgins called her husband and told him that work had started. This was on September 19, 1972. Appellant went to the farm that night, saw what had been done and called Higgins and told him she was not satisfied with their work. She also told him again not to work except on Saturdays.

Appellant testified that she, along with her brother, was on the farm several days after work had commenced and showed the bulldozer operator how to clear an old logging road, but she denied walking in the field to show the operator what to do there.

Work continued on the farm for nine months, at the end of which time a bill for $1,336.50 was presented to appellant. She refused to pay.

Mr. Higgins in his testimony confirmed that he and appellant, along with Mr. Bartlett, had gone to appellant's farm to find out what she wanted done on it. It was discussed and she was told it would cost $20 per hour. He said the original agreement was to work only on Saturdays, but due to the rainy weather it was agreed that they would work on any dry days. He said work was commenced on September 19, 1972, and bcause of the wet weather,

it took nine months to complete the job. Mr. Higgins also testified that appellant was on the farm on September 19, 1972 when the work started.

The bulldozer operator, Mr. Moon, testified that he started work on appellant's farm sometime in September 1972 and appellant and her husband were present and she showed him where to work. At this time neither Mr. Bartlett nor Mr. Higgins was present at the worksite.

During the hearing on the motion for new trial, Mr. Moon stated that when he started work on the farm, appellant and a man were present and appellant walked down what appeared to be an old logging road and showed him what to clear on it and then walked out in the field with him to show him what she wanted done there. Mr. Moon testified that Higgins was not present at this time.

At this hearing, appellant admitted walking down the road with Moon showing him what she wanted done on the road, but she denied walking out in the field with him to show him what was to be done there. She maintained that the work was already underway when she talked to Moon.

Mr. Higgins said that when he took the equipment out to appellant's farm and started to work, it was on the road that appellant wanted prepared. Work was done on this road for several days before the clearing and terracing started on the other part of the farm. He stated that appellant came out to the farm during the road work and before the farm clearing was begun. Higgins says he started Moon to work on the road and before he finished appellant came out and showed Moon what she wanted done. He said appellant stopped the work on the road because her brother decided not to complete what he had started. Higgins said he was not present when work started on the field and appellant was at the farm before the work commenced on the field, and the work started on the road on September 19, 1972.

Appellant contends that evidence submitted to the trial court on motion for new

trial is so different from that heard in the case in chief as to require a new trial. Appellee replies that the evidence adduced at the new trial hearing was not so different from that heard at the original trial as to warrant a reversal of the jury's verdict.

The supreme court in Morris v. Yancey, 272 Ala. 549, 132 So.2d 754, said:

"To warrant the granting of a motion for a new trial on the ground of newly discovered evidence, the petitioner must show the nature of the newly discovered evidence and the fact that such evidence would probably cause a different conclusion to be reached, and that it is not merely in the nature of cumulative evidence, and in addition must show that they had no notice of the evidence and could not have discovered it by reasonable effort in order to obtain the benefit of it on the trial. Tankersley v. Tankersley, 270 Ala. 571, 120 So.2d 744; Alexander v. Alexander, 230 Ala. 170, 160 So. 343."

In the case at bar we conclude that the statements made by the successful party and his witness at the hearing on the motion for new trial were merely cumulative of statements made at the hearing of the case in chief and were not inconsistent therewith. For example, Moon testified at the hearing in chief that appellant was present on the first day work started and showed him what to do. He also said Higgins was not present at this time. Moon made the same statement on the hearing for a new trial.

Higgins, at the hearing in chief, said that work started on September 19, 1972 and appellant was present when it started. On the hearing for new trial he testified that the road work started on September 19 and that during the day appellant came out and showed Moon where to work on the roadway. He said he was not present when work started on the field but that appellant was at the farm prior to the beginning of the field work.

Appellant's tenant did not testify at the hearing in chief but did testify at the hear-

ing for a new trial and said that appellant was not present on the day work first began.

Appellant, in the main case, said she did not talk to Moon about the farm work but did admit talking to him about the road work. At the hearing for a new trial she again denied walking in the field and showing Moon where to work but admitted she walked down the road showing him what to do on it. She said Moon had been on the farm working for several days before she talked to him about the road work.

The one new element in the evidence taken at the hearing for a new trial was the testimony of appellant's tenant. This tenant did not testify on the hearing of the case in chief, and it was not shown that his testimony was unavailable to appellant for her use at the main trial. As pointed out in the *Yancey* case, one of the factors to be considered before granting a new trial because of newly discovered evidence is whether the movant knew about the evidence and could have obtained it for his use. The trial court could have without any difficulty concluded that this evidence was available to appellant at the time of hearing the case in chief.

A request for a new trial having as its basis newly discovered evidence is addressed to the sound discretion of the trial court and will not be granted unless such evidence would probably change the verdict. Morris v. Yancey, *supra*.

We conclude, as did the trial court, that the so-called newly discovered evidence probably would not have altered the verdict in the present case and, consequently, we do not believe that the trial court abused its discretion in overruling the motion for new trial.

For the reasons given, this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.